## GREEN v. STATE INDUSTRIAL COMMISSION et al.

No. 17008—Opinion Filed Sept. 7, 1926.

Rehearing Denied Oct. 19, 1926.

(Syllabus.)

**Master and Servant—Workmen's Compensation—Secondary Liability of Oil Lessee for Injuries to Employee of Drilling Contractor Carrying no Industrial Insurance.**

Under paragraph 1 of section 7285, Comp. Stats. 1921, as amended by chapter 61, Sess. Laws 1923, page 121, G. is secondarily liable for personal injuries to an employee where he contracts with H. to drill an oil well on lands upon which G. has a lease, and H. fails to carry insurance protecting his employees against injury while engaged in drilling such well.

Appeal from State Industrial Commission.

Action by Charles E. Walker before State Industrial Commission for award of compensation for personal injuries sustained while in the employ of R. L. Hancock, who was an independent contractor of Thos. J. Green. Award made, holding Hancock primarily liable and Green secondarily liable, and Green appeals. Order affirmed.

Charles L. Harris and Anselan Buchanan, for petitioner.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

PHELPS, J. Thos. J. Green, the petitioner herein, was the owner of an oil and gas mining lease on certain land located in Tulsa county. He made an oral contract with R. L. Hancock to drill a well on said lease, agreeing to pay him $2,250 cash and give him a one-eighth interest in the lease to drill such well to a depth of 1,950 feet. Hancock commenced drilling the well and while thus engaged Charles E. Walker, one of his employees, received personal injuries, for which he applied to the State Industrial Commission for compensation under the Workmen's Compensation Law. At the conclusion of the hearing on his application the Industrial Commission entered its finding to the effect that Walker was in the employment of Hancock; that petitioner, Green, had failed to require a compliance with the Workmen's Compensation Law on the part of Hancock, and that Hancock had not secured the payment of compensation to his employees as provided by the Workmen's Compensation Law, and further found that Hancock was, therefore, primarily liable to the employee for the compensation awarded, and that Thos. J. Green, petitioner herein, was secondarily liable, from which finding and order Green brings the case here for review.

The petitioner here assigns seven specifications of error, but when considered altogether the gist of the controversy resolves itself into one proposition, to wit: Was the State Industrial Commission justified under the undisputed facts, applied to the provisions of the Workmen's Compensation Law, in finding that the petitioner was secondarily liable for the injury sustained by the employee? Counsel for petitioner lay much stress upon the fact that the injured workman was not an employee of petitioner, but was an employee of an independent contractor, insisting that the Workmen's Compensation Law is made to apply exclusively to those occupying the relation of employer and employee in a strict sense of the word.

Section 7285, Comp. Stats. 1921, as amended by chapter 61 of the Session Laws 1923, after defining the duties and prescribing the remedies imposed upon and provided for employer and employee, states:

"* * * Provided, further, that the liability of any person, firm or corporation, having an interest in the subject-matter, employers and contracting employers, general or intermediate, for compensation under this act, when other than the immediate employer of the injured employee shall be as follows:

"1.. In the absence of provisions to the contrary in any contract with an independent contractor, such independent contractor shall be conclusively presumed to have agreed, as a part of the 'terms of the contract, that he will comply with the Workmen's Compensation Laws of this state, and in case of a failure to do so, the person procuring such work to be done by independent contractors, may declare such failure a substantial violation of the contract, and terminate the same at his or their option. All unpaid balances due under such contract, or so much thereof as may be reasonably necessary, may be retained as indemnity against compensation claims under the Workmen's Compensation Act of this state. The independent contractor shall, at all times, be liable for compensation due to his direct employees or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees."

Then, under the above quoted section of the statute, in the absence of a contract to the contrary, the law presumes that Hancock, when he entered into the contract to drill the well for Green, agreed to carry industrial insurance, and if he failed to do so, Green was at liberty to terminate the contract, and was further at liberty to retain so much of the unpaid balance due Hancock as might be reasonably necessary to indemnify him against compensation claims under the Workmen's Compensation Law. It will be observed that there is nothing in this provision of the act that requires "the person procuring such work to be done" by independent contractors to be himself an employer engaged in hazardous employment, or to have as many as two employees, as is provided by other portions of the act, which portions were unquestionably meant to apply to those engaged in hazardous employment, and being direct employers of more than one employee. To place any other construction upon this provision of the statute than was given it by the State Industrial Commission would make of it "a dead limb" upon the tree so carefully grown and cultivated by this and other commonwealths for the benefit of those who toil.

The act further provides that a "lessor or sublessor shall not be deemed to be one having an interest in the subject-matter," which, as we view it, conclusively shows that it was within the contemplation of the Legislature that everyone having an interest in the "subject-matter," except those specifically excepted, should be secondarily liable if he did not require his independent contractor to carry insurance covering his employees.

If Green was not to be held liable in case he did not require Hancock to carry insurance, why does the act give him the privilege of canceling his contract with Hancock, and why does the act give him the privilege of withholding from Hancock a portion of the contract price for drilling the well? Since the act gave him the privilege of requiring Hancock to carry the insurance and he failed to do so, are we to say that the injured employee is to be the sole sufferer? It does not require an undue exercise of one's imagination to contemplate a case wherein the party in Hancock's position would be financially irresponsible, and in such case, are we to say that the one in Green's position shall also escape and allow the injured employee to suffer the consequences? Such a construction, in our judgment. would make a mockery of a law designed to be of untold benefit. Counsel in their briefs, as supporting their respective contentions, cite adjudicated cases from Massachusetts, Vermont, and Illinois, but an examination of such authorities show that they are based upon a statute so different from ours, that they are worth but little to us in reaching a proper solution of the questions here presented.

Many states have acts similar to ours, but each one differs in material respect to meet the peculiar conditions existing in each state. There.ore, adjudicated cases from other states can assist us only in so far as they may clarify and amplify logic, reason, and justice, which we conceive it to be our duty to exercise in endeavoring to vitalize our Workmen's Compensation Law, so as to make it effectively serve the purpose for which it was enacted.

It is finally contended by petitioner, that if we should find that the statute under consideration, as applied to the facts here, holds petitioner secondarily liable, such statute should be held unconstitutional. They fail to call our attention, however, to what particular provision of the Constitution such act would violate. They cite two cases from the California courts, wherein they held certain acts of the Legislature in conflict with the California Constitution, but California's Constitution and its Workmen's Compensation Law are so dissimilar to ours that they afford no support for such contention.

The finding and order of the State Industrial Commission is affirmed.

NICHOLSON. C. J., BRANSON, V. C. J., and MASON. HUNT, and RILEY, JJ., concur.