**TAHONA SMOKELESS COAL CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 18598.   Opinion Filed Dec. 13, 1927.

(Syllabus.)

**1. Master and Servant—"Independent Contractor" Defined.**

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work.

**2. Same—Workmen's Compensation—Secondary Liability of Mine Owner for Injuries to Employee of Independent Contractor Where no Insurance Carried.**

Under section 7285, C. O. S. 1921, as amended by chapter 61, S. L. 1923, the owner of a coal mining lease is secondarily liable for personal injuries to an employee of an independent contractor who is mining coal for such company, where such contractor fails to carry insurance protecting his employees against injury while working in said mine.

Original action in the Supreme Court by Tahona Smokeless Coal Company to review an award of the State Industrial Commission in favor of F. E. Barclay. Petition denied.

T. T. Varner and Webb Covington, for petitioner.

Edwin Dabney, Atty. Gen., Ralph G. Thompson, Asst. Atty. Gen.. and H. H. Thomas, for respondents.

MASON, V. C. J. The Tahona Smokeless Coal Company, the petitioner herein, was owner of a coal mining lease on certain lands situated near the town of Tahona, in Le Flore county, Okla. In July, 1926, said company entered into a written contract with one Hugh Doak. Said contract provided that the coal company, in consideration of $1 and covenants therein contained, let and leased to Hugh Doak slope No. 8 or the lands covered by said lease. The method and manner of opening and operating the coal mine on said premises was set forth in detail and Doak agreed to carry on mining proceedings in conformity with the laws of Oklahoma and to comply with the Compensation Laws of this state. Doak was to furnish all machinery, tools, and appliances at his own expense, and the coal company agreed to pay Doak $1.50 per ton for all coal produced. On February 19, 1927, while Doak was operating said mine, the respondent, F. E. Barclay, one of his employees, received personal injuries, for which he applied to the State Industrial Commission for compensation under the Workmen's Compensation Law. At the conclusion of a hearing on his application, the Industrial Commission entered its finding to the effect that Barclay was in the employment of Doak; that Doak was a lessee or subcontractor of the Tahona Smokeless Coal Company; that said company had failed to require a compliance with the Workmen's Compensation Law on the part of Doak and that Doak had failed to secure the payment of compensation as required by law, and the Commission found that Doak was, therefore, primarily liable to the employee for compensation in the sum of $630, or 35 weeks' compensation at $18 per week. The Commission also found that the Tahona Smokeless Coal Company was secondarily liable, from which finding and order the coal company brings the case here for review.

Several errors are assigned by petitioner which may be considered under one proposition, to wit: Was the State Industrial Commission justified in finding that the petitioner was secondarily liable for the injury sustained by the employee?

Counsel for petitioner contends that Barclay was not an employee of the coal company, but an employee of Doak, and that Doak was its lessee, and that, therefore, the company is not liable under the provisions

of section 3, ch. 61, S. L. 1923 (sec. 7285, Harlow's Annotated Supplement C. O. S. 1921). This is true, and the petitioner would not be liable if the contract hereinbefore referred to was sufficient to constitute a lease contract from the coal company to Doak. The instrument is headed "Lease Contract," but there is nothing in its terms to indicate that it is any more than a contract whereby Doak agrees to mine coal for the petitioner in a certain manner and under certain conditions and at his own expense for a period of five years, for which the petitioner is to pay him $1.50 per ton, regardless of the market price of coal In our opinion, Doak, under the provisions of said contract was nothing more nor less than a contractor. Webster defines the term "contractor" as, "One who covenants to do anything for another; one who contracts to perform work on a rather large scale at a certain price or rate." "Contractor" is also defined in Bouvier's Law Dictionary vol. 1, p. 396, as, "One who undertakes to do work for a company or a corporation on a large scale at a certain fixed price."

This court has defined an independent contractor as follows:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result of the work (quoting Words and Phrases, vol. 4, p. 3542)." Chicago, R. I. & P. Ry. Co. v. Bennett, 36 Okla. 358, 128 Pac. 705.

This definition was also adopted in Chicago, R. I. & P. Ry. Co. v Bond, 47 Okla. 161, 148 Pac. 103. In fact, an independent contractor has been so defined by many courts of last resort. Words and Phrases, vol. 2 (2nd Series) 1034.

From the contract before us and the undisputed evidence in this case, which supports the terms of the contract, we are of the opinion that the Industrial Commission erred as a matter of law in holding that Doak was a lessee or subcontractor. As heretofore set out, we are of the opinion that Doak was an independent contractor of the coal company.

This case is, therefore, controlled and governed by section 7285, C. O. S. 1921, as amended by chapter 61, S. L. 1923, which, after defining the duties and prescribing the remedies imposed upon and provided for employer and employee, states:

"The independent contractor shall. at all times, be liable for compensation due to

his direct employees, or the employees of any subcontractor of such independent contractor and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. * * * If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this State, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this act by his independent contractor, then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor."

This court, in Green v. State Industrial Commission, 121 Okla. 211, 249 Pac. 933, was considering the same question as herein presented, and, after quoting the above statutory provisions, upheld the finding of the State Industrial Commission that the owner of the lease, under similar circumstances, was secondarily liable to an injured employee of its independent contractor.

The prayer of the petitioner, that the award be vacated, is denied.

BRANSON, C. J., and HARRISON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 31 C. J. p. 473; Workmen's Compensation Acts—C. J. p. 50, §42 anno. 17 L. R. A. (N. S.) 371; 19 A. L. R. 277: 14 R. C. L. p. 67; 3 R. C. L. Supp. p. 163; 4 R. C. L. Supp. p. 869; 5 R. C. L. Supp. p. 738. (2) Workmen's Compensation Acts—C. J. p. 50, §41.