## TAHONA SMOKELESS COAL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 19380.    Opinion Filed Dec. 11, 1928.

T. T. Varner and Webb Covington, for petitioner.

Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

HUNT, J. This is an original proceeding in this court to review an award of the State Industrial Commission entered on April 21, 1928. It appears from the transcript of the evidence that, on June 30, 1927, claimant, A. L. Kindle, suffered an accidental injury arising out of and in the course of his employment as a coal miner in the employ of Hugh Doak; that said Doak was operating the mine under a contract with the owner thereof, Tahona Smokless Coal Company, petitioner herein. The Commission found that claimant was temporarily totally disabled and awarded him compensation at the rate of $18 per week from July 5, 1927, and continuing thereafter during the period of claimant's disability or until otherwise ordered by the Commission. The Commission further found in paragraph 3 of its order as follows:

"That the respondent, Tahona Smokeless Coal Company, had not complied with the provisions of the Workmen's Compensation Law in the matter of securing the payment of compensation to its employees, nor had such compliance been required of its independent contractor, Hugh Doak."

The Commission further found that respondent Doak was primarily liable for compensation, and that respondent Tahona Smokeless Coal Company was secondarily liable therefor, and entered its order accordingly. It is this finding, as contained in paragraph 3, supra, of which petitioner, Tahona Smokeless Coal Company, complains in this proceeding.

It is urged by this petitioner that, since the right of respondent to recover against it depends solely upon the fact that it failed to require its independent contractor to carry compensation insurance covering injuries to its employees, it was necessary to show this fact by the evidence, and further urges that there is no such evidence in the record, and that this finding is therefore erroneous and should be reversed because of no evidence to support it.

It appears from the record that the contract under which respondent Doak was operating the mine of respondent coal company at the time of the injury complained of is the same contract under which this same mine was being operated at the time one F. E. Barclay, another employee of Doak, sustained an accidental injury arising out of and in the course of his employment and for which he was awarded compensation by the State Industrial Commission in an order to the effect that Doak was a lessee or subcontractor of the Tahona Smokeless Coal Company, and was therefore primarily liable to claimant and that the coal company was secondarily liable.

On appeal to this court, in Tahona Smokeless Coal Co. v. State Industrial Commission, 128 Okla. 188, 261 Pac. 941, it was held that Doak was an independent contractor of the coal company, and that, under section 7285, C. O. S. 1921, as amended by chapter 61, S. L. 1923, the coal company was secondarily liable to the injured employees of its independent contractor where it failed to require said independent contractor to provide compensation insurance for said employees under the terms of the Workmen's Compensation Law; citing Green v. State Industrial Commission, 121 Okla. 211, 249 Pac. 933. This case, Tahona Smokeless Coal Co. v. State Industrial Commission et al., supra, in our judgment, is conclusive as to the liability of respondent in the instant case, it having been found therein that the coal company had failed to require its independent contractor to provide compensation insurance for its injured employees, and it being admitted in the record here that at the time of the injury complained of herein the mine was being operated under the same contract, and under the same conditions as in the Barclay Case, supra. We quote from the record herein as follows:

"By the Court: Q. Was it at mine No. 8 that Mr. F. E. Barclay was injured? A. Yes, sir. Q. And you were operating that mine at the time Mr. Kindle was injured according to the same terms that you were at the time Mr. Barclay was injured? A. Yes, sir. By the Court: You may file that. By Mr. Varner: We might just agree that the contract introduced in the Barclay case be introduced in this case. By the Court: I

think that might be done, since Mr. Doak has testified that was the same mine being operated under the same condition."

No positive or direct testimony as to the failure of the respondent coal company to require its independent contractor to provide compensation insurance for injured employees was, therefore, necessary in view of the records as above quoted, and the Industrial Commission was justified in finding as a fact that it had failed so to do and in ordering that it was therefore secondarily liable to the claimant herein and in entering its order and award accordingly.

This being the only error presented, it necessarily follows that the prayer of petitioner herein must be, and the same is hereby, denied.

All the Justices concur.