### FORD MOTOR CO. v. FARMER et al.

No. 21422. Opinion Filed Nov. 11, 1930.

Everest, Dudley & Brewer and Lee B. Thompson, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J. This is an original proceeding filed in this court by the Ford Motor Company, petitioner, to review an award made by the State Industrial Commission of Oklahoma, in favor of the claimant, Charles F. Farmer, for an accidental personal injury received by claimant on June 27, 1929, while engaged in his employment for petitioner.

It is not denied that claimant received a

compensable injury arising out of and in the course of his employment with petitioner.

The State Industrial Commission in its order of May 7, 1930, found:

"(1) That claimant, Charley F. Farmer, sustained an accidental personal injury arising out of and in the course of his employment with respondent herein, June 27, 1929.

"(2) That as a result of said aforementioned accident, claimant was temporarily totally disabled from performing manual labor from November 20, 1929, and continued intermittently to the date of this hearing, being a total of 18 weeks, at the rate of $18 per week, or an aggregate amount of $324.

"(3) That by reason of said accidental injury, the claimant's right wrist was injured to such an extent that an operation had to be performed on February 25, 1930, which left a disfigurement to said wrist equivalent to an amount of $100.

"(4) That the claimant's average wage was $6 per day.

"The Commission is of the opinion: That by reason of the foregoing facts, respondent, Ford Motor Company, shall pay to claimant, Charley F. Farmer, temporary total compensation from November 20, 1929, the date he was forced to discontinue work by reason of injury sustained June 27, 1929, and covering the various periods he was forced to discontinue work, off and on until the date of this hearing, and being 18 weeks at the rate of $18 per week, or a total of $324; and that, as a result of disfigurement to wrist occasioned by an operation as result of said injury, claimant is to receive the sum of $100; or an aggregate amount of $424."

From the above order and award, petitioner, Ford Motor Company, appeals to this court.

The first assignment of error presented by petitioner is:

"That said order is illegal and contrary to law, for the reason that it allows an award for disfigurement of the wrist, which is in violation of section 7290, C. O. S. 1921."

Section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws of 1923, provides:

"In case of an injury resulting in the loss of hearing or serious and permanent disfigurement of the head, face or hands, compensation shall be payable in an amount to be determined by the commission, but not in excess of $3,000; provided, that compensation for the loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

The contention of petitioner is, briefly, that the $100 award made by the Commission to the claimant herein for disfigurement to his "wrist" is not covered by the provisions of section 7290, supra, in that the statute limits the compensation for disfigurement of the "head, face, or hands." Which contention presents the question whether the disfigurement in the case at bar was a disfigurement to claimant's "hand" within the meaning of that term as used in section 7290, supra.

Webster, in his New International Dictionary, defines the term "hand" as follows:

"In anatomical usage the hand, or manus, includes the phalanges, or fingers and thumb; the metacarpus, or hand proper; and the carpus or wrist."

Dr. West, called as a witness in this case, and who was one of the surgeons who performed the operation on claimant's injured member, testified that as a result of said operation there was a permanent disfigurement to claimant's "hand."

Claimant himself testified that there was a scar about one and one-half inches long on the inside of his wrist and extending on down to the palm of the hand.

Based upon expert medical testimony, the testimony of claimant and corroborating testimony, we conclude that there was in fact a permanent disfigurement to claimant's "hand," and that the Industrial Commission in its order of May 7, 1930, in finding that the injury in question left a permanent disfigurement to claimant's "wrist," used that term interchangeably or synonymously with the term "hand."

It is well settled in this state that the Workmen's Compensation Law should be construed fairly, liberally, and in favor of the employee. Indian Territory Illuminating Oil Co. v. Jordan, 140 Okla. 238, 283 Pac. 240.

It is clear to us that the case at bar comes within the terms of section 7290, supra, providing compensation for disfigurement of the hands.

The Commission in its order and award gave the claimant temporary total compensation in the sum of $324, and in addition thereto $100 for permanent disfigurement to claimant's wrist.

In Comar Oil Co. v. Sibley, 128 Okla. 156, 261 Pac. 926, this court held:

"The State Industrial Commission may make an award for temporary disability and also an award for serious permanent disfigurement. The fact that the injury causing temporary disability also caused the serious and permanent disfigurement does not make the award 'double compensation'."

To the same effect see Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 Pac. 98.

We, therefore, conclude that the award made by the Commission for disfigurement to claimant's wrist (hand) was in accordance with sec. 7290, supra, and prior decisions by this court construing said section.

The second and third assignments of petitioner are:

"(2) That the findings of fact are not reasonably supported by competent evidence; and (3) that the order and award is contrary to the evidence."

In answer to these assignments, it is sufficient to state that we have examined the record and briefs of petitioner and respondents, and find that the judgment and award of the Industrial Commission is amply supported by, and is not contrary to the evidence.

The finding of fact of the Industrial Commission is conclusive upon the Supreme Court, and will not be reversed, where there is any competent evidence in support of the same. Tahoma Smokeless Coal Co. v. State Industrial Commission, 134 Okla. 150, 274 Pac. 16.

The judgment and award of the State Industrial Commission is hereby affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, SWINDALL, and ANDREWS, JJ., concur. HUNT and HEFNER, JJ., absent.