**SENECA COAL CO. et al. v. CARTER et al.**

No. 12764—Opinion Filed March 14, 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Award—Permanent Disfigurement.**

Section 6, art. 2, c. 246, Session Laws 1915, as amended by section 9, c. 14, Session Laws 1919, construed, and held to authorize the State Industrial Commission to award an injured employe compensation for a permanent disfigurement of the face, although such injured employe had been awarded compensation for the loss of an eye.

2. **Same—Loss of Eye.**

Where an injured employe has been awarded compensation for specific injuries, such as the loss of an eye, the State Industrial Commission, in awarding compensation for a permanent disfigurement of the face, must consider to what extent the loss of the eye has contributed to the disfigurement of the injured employe, in determining the proper amount to be awarded such injured employe.

3. **Same..**

Where an injured employe has been compensated for a specific injury, such injured employe is not entitled to compensation again for such injury as constituting a part of a permanent disfigurement.

Original action by Seneca Coal Company and Consolidated Underwriters against Weep Carter and State Industrial Commission of the State of Oklahoma to reverse and vacate an award made by the State Industrial Commission. Award affirmed.

Moss & Tumilty (Con Murphy, of counsel), for petitioners.

KENNAMER, J. This action was commenced in this court October 25, 1921, by the Seneca Coal Company and Consolidated Underwriters, petitioners, against Weep Carter and State Industrial Commission of the state of Oklahoma, to reverse and vacate an award made by the State Industrial Commission on the 3rd day of August, 1921, awarding Weep Carter $1,000 for permanent disfigurement of his face. The petitioners filed an application with the State Industrial Commission for a rehearing upon the award made, which, upon a hearing had on the 26th day of September, 1921, was by the commission denied.

The essential facts appearing from the record in this cause necessary to be considered in reviewing the award of the commission are, in substance, as follows: Respondent, Weep Carter, was employed by the petitioner, Seneca Coal Company, and received an accidental injury December 21, 1920, while tamping a shot in coal when a live cinder from steam shovel boiler dropped into the shot causing it to explode. The respondent's face was burned and shot full of coal, resulting in a permanent disfigurement of the face and the loss of an eye. The undisputed testimony conclusively shows, in addition to the loss of an eye, the claimant received permanent disfigurement of his face, for which the commission awarded him the sum of $1,000. Counsel for the petitioners insist that the commission awarded the claimant compensation at the rate of $12.98 per week for 100 weeks for the loss of his left eye, and that by reason of the award for the loss of his eye, under section 6, art. 2, c. 246, Session Laws 1915, as amended by section 9, c. 14, Session Laws 1919, the commission is without jurisdiction to award the claimant $1,000 for permanent disfigurement to his face. There is no merit in this contention. That part of the statute, supra, relied upon by counsel for a reversal of the award herein is as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face, or hand, compensation shall be payable in an amount to be determined by the commission. but not in excess of three thousand dollars. Provided. that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

Counsel for petitioners correctly state the rule of construction of statutes to be:

"The great cardinal rule in the construction of statutes is to ascertain and give effect to the intention of the Legislature. Leflore v. Sanders, 24 Okla. 301, 103 Pac. 858; Territory v Clark, 2 Okla. 82, 35 Pac. 882; School District v. Long, 2 Okla. 460, 37 Pac. 601."

We have no fault to find with the rule of construction as contended for by counsel for the petitioners. An analysis of that part of the statute, supra, applicable to this case, to our minds, clearly evidences an intention on the part of the Legislature to allow the injured employe compensation for a serious and permanent disfigurement of the head, face, or hands, in any sum not to exceed $3,000, and the Industrial Commission is vested under the statute with jurisdiction to make such an award.

Counsel for petitioners insist that the proviso providing "that compensation for loss of hearing or permanent disfigurement shall not be in addition to other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided" evidences an intention on the part of the Legislature of denying to the injured employe compensation for permanent disfigurement where he has been allowed compensation for a specific injury provided for in the first part of the section of the statute, such as the loss of an eye or hand, etc. Such a construction of the statute is unreasonable, and would lead to an absurdity. The phrase, "should not be in addition to other compensation provided for in this section," makes plain the intention of the Legislature that the compensation allowed for permanent disfigurement has reference to other injuries not compensable as specific injuries provided for specifically, such as the loss of an eye, hand, or foot, etc. The phrase, "but shall be taken into consideration in fixing the compensation otherwise provided," vests the commission with jurisdiction in allowing compensation for a permanent disfigurement to consider any compensation that may have been allowed for a specific injury. For instance, just as in the case at bar, where the injured employe has been compensated for the loss of an eye, in awarding compensation for a permanent disfigurement of the face to the extent that the loss of an eye has to do with the permanent disfigurement, the commission, in making the award, must eliminate from such disfigurement to the face the loss of the eye, or such loss as the impaired eye contributed to the disfigurement of the face. The loss of an eye, having been compensated under the first part of the statute, supra, prescribing a specific amount for the loss of an eye, is

not again to be compensated as constituting a part of a permanent disfigurement.

It is obvious that the compensation for permanent disfigurement must be independent of, and not in addition to, any compensation allowed for a specific injury. But in determining the amount of the award to be allowed for such disfigurement under the proviso of the act, the commission is vested with jurisdiction to consider and qualify the amount that may be awarded under the statute for permanent disfigurement to the extent an awardable specific injury has contributed to the permanent disfigurement of the employe. It would be unreasonable to hold, under section 6, art. 2, c. 246 Session Laws 1915, as amended by section 9, c. 14, Session Laws 1919, supra, that the commission is without jurisdiction to compensate an injured employe for a permanent disfigurement of the head, face, or hand, where the same exists independent of some compensable specific injury. To so hold would be to deny the commission jurisdiction to compensate an injured employe for permanent disfigurement where he lost his right eye but suffered a permanent disfigurement to the left side of his face entirely independent and apart from the loss of his eye. The authorities uniformly hold that statutes must be construed so as not to lead to absurd consequences. 25 R. C L., sec. 223.

In the case of Leahy v. Indian Territory Illuminating Oil Company, 39 Okla. 312, 135 Pac. 416, this court held:

"A statute must be given the meaning apparent on its face, where the words used convey the distinct meaning which involves no absurdity or contradiction."

Other cases in point are: Hutchinson v. Canon. 6 Okla. 725 55 Pac. 1070: Falter v. Walker, 47 Okla. 527, 149 Pac. 1111.

"The natural and appropriate office of a proviso is to restrain or qualify the generality of the language that it follows." 25 R. C. L. 231.

Applying this rule to the statute under consideration, it is quite clear that the natural office of the proviso providing that "compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided," was to qualify the preceding part of the section of the statute vesting the Industrial Commission with jurisdiction to compensate a permanent disfigurement in any sum not exceeding $3,000 by authorizing the commission to consider any amount which the commission may have awarded to

the injured employe for a specific injury where such specific injury might appear as a part of the disfigurement sought to be compensated.

We are of the opinion that the award made was authorized under the statute, and should be affirmed. It is, therefore, so ordered.

HARRISON, C. J., and JOHNSON, MILLER, and NICHOLSON, JJ., concur.