**ARROW GASOLINE CO. et al. v.
HOLLOWAY et al.**

No. 17323—Opinion Filed March 15, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Finality of Decision on Facts.**

The decision of the Industrial Commission as to facts is final, if there is any competent evidence to support the same.

2. **Same—Conclusiveness of Award.**

Section 7290, C. O. S. 1921, limits the compensation for the injuries therein described, and where the injuries are sustained as a matter of fact, the amount fixed by the Commission is conclusive.

3. **Same—Award for Temporary Total Disability and for Loss of Hearing and Disfigurement not Double Compensation.**

The Industrial Commission may make an award for temporary total disability, and also an award for loss of hearing and serious disfigurement; where claimant's hands were injured, and this constituted an element contributing to his disability, and also a portion of the disfigurement for which the latter award was made, does not make the award a double compensation.

Original Action in Supreme Court by the Arrow Gasoline Company et al. to review award of the Industrial Commission in favor of Lawrence S. Holloway. Petition denied.

Cheek & McRill for petitioners.

George F. Short, Atty. Gen., and Fred Hanson. Asst. Atty. Gen., for respondents.

BRANSON, C. J. This is an original action in this court to review an award of the State Industrial Commission. The claimant, Lawrence S. Holloway, was awarded compensation at the rate of $18 per week from November 28, 1924, to December 21. 1925, for temporary total disability, and compensation in the sum of $2,500 for serious and permanent disfigurement and loss of hearing. The claimant. while an employee of the petitioner. the Arrow Gasoline Company, and on the 22nd day of November, 1924, suffered an accident from an explosion of casinghead gasoline. resulting in burning his hands and face. Three hearings were had before the State Industrial Commission, one on September 22, 1925; the second on December 21, 1925. and the last on February 10, 1926; and on March 15, 1926, the Commission made and entered its order awarding the compensation as above set forth.

The petitioner's first contention is that the part of the award granted for temporary total disability is not sustained by the evidence. As to this the court is required to go no further than to ascertain if there is any testimony to support the conclusion of the Industrial Commission. An examination of the record discloses that claimant testified, at the hearing held on September 22. 1925, that he had not been able to do ordinary manual or mechanical labor since the accident. In addition to the testimony of the claimant, several physicians testified at this hearing, and all agreed that by reason of the burns upon claimant's hands, there was a weakness in the wrists, so that there could not be a normal functioning of the hands.

The petitioners contend, however, that there is no evidence to support the award of compensation from September 22, 1925, to December 21, 1925. The claimant did not testify at either of the hearings subsequent to September 22, 1925, but physicians testified at both of said hearings, to the effect that there had been no improvement in the condition of the claimant's hands since the hearing of September 22, 1925. There was evidence before the Commission bottoming the award.

The petitioners further contend that the award for disfigurement and loss of hearing is unreasonable, excessive, and arbitrary. The statute applicable to this situation is section 7290, C. O. S. 1921, which reads as follows:

"In case of injury resulting in the loss of hearing, or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of three thousand dollars. Provided, that compensation for loss of hearing, or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

The finding of the Industrial Commission on the question of loss of hearing and permanent disfigurement is as follows:

"That as a further result of said accidental injury, the claimant sustained burns to the head, face, and hands which have resulted in serious and permanent disfigurement to the claimant's head. face, and hands and in partial loss of hearing; that such disfigurement consists of discoloration of the face. especially on the right side, with a scar which is slightly elevated on the chin at the right of the center of the mouth. a large scar which is discolored and elevated back of the right ear. discoloration of both ears with very marked and distinct scars,

122-9

da.k red, on the right hand, with a large scar running from the back of the hand about one-half around the wrist of the right hand, marked scars and discolorations covering the 'entire back of both hands. That prior to said accident claimant's hearing was impaired and that as a result of said injuries claimant's hearing has been further impaired to the 'extent that his ability to hear is of little practical value."

The petitioner's argument under this assignment is that the disfigurement was negligible, and that the award for such disfigurement is excessive. Under the statute, supra, the amount of compensation to be awarded a claimant for loss of hearing and serious disfigurement is to be determined by the Commission within the limitation prescribed. While it appears that the hearing of claimant was defective before the accident herein complained of, yet there is testimony that the accident resulted in a further impairment of the claimant's hearing, and the Commission specifically found that claimant's hearing had been further impaired to the extent that his ability to hear was of little practical value. No authority is cited which authorizes this court to modify an award of this character. where supported by evidence. Supplementing the testimony, the Commission saw the claimant and observed the nature and extent of the disfigurement suffered; and the effort of petitioners to minimize the disfigurement of claimant cannot meet with our concurrence under its findings.

The next assignment is that the award is erroneous. for that it gives the claimant a double compensation for injury to his hands. This contention is based upon the theory that the award was made for the loss of use of specific members. to wit, the hands of the claimant. We call attention to the fact, in this connection, that the finding of the Commission was that "The claimant has been temporarily totally disabled from performing ordinary manual or mechanical labor up to December 21, 1925." The statute provides compensation for temporary total disability, and also compensation for the loss of use of a member. The two provisions are separate and distinct parts of the Workmen's Compensation Laws. To follow the argument of petitioners, this court would be compelled to hold, as a matter of law, that the award was for the loss of use of the hands, when so far as this record discloses, there is nothing to support such a contention. If the Commission had found that claimant's disability was occasioned wholly by reason of the injury to these members. we must presume, under the provisions of the statute, that the award would have been made specifically for the loss of use of the hands, and the fact that the Commission did not make such an award, but, on the contrary, made an award for temporary total disability. would lead to the conclusion that the Commission had in mind injuries other than those to the claimant's hands. The case of Seneca Coal Co. v. Carter, 85 Okla. 220, 205 Pac. 495, cited by petitioners, is not in point, for the reason that the award in that case was specifically for the loss of an eye; and the court held that the compensation for permanent disfigurement must be independent of and in addition to any compensation allowed for the specific injury to the eye. Had the award herein been made specifically for the loss of use of claimant's hands, that case would, perhaps, be persuasive here. The statute (section 7290, supra) provides that compensation for loss of hearing or permanent disfigurement shall not be in addition to other compensation otherwise provided. The Commission made an award for temporary total disability, and then, independent of that. and taking such award into consideration, as the statute provides, made an award for the loss of hearing and permanent disfigurement, as is authorized by section 7290, supra.

The prayer of the petitioners that the award be vacated is denied.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.