Note.—See under (1) 4 C. J. p. 1095, §3075; 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 459; 4 R. C. L. Supp. p. 94; 5 R. C. L. Supp. p. 84; 6 R. C. L. Supp. 78. (2) 10 C. J. p. 410, §630. (3) 10 C. J. p. 489, §775. (5) 10 C. J. p. 421, §649; 4 R. C. L. p. 586; 1 R. C. L. Supp. p. 1169; 4 R. C. L. Supp. p. 277. (7) 10 C. J. p. 415, §637.

---

## SIMPSON FELL OIL CO. et al. v. TUCKER et al.

No. 18680.   Opinion Filed May 1, 1928.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Review of Awards—Judgment Supported by Evidence not Disturbed.**

In an original action in this court to review an award of the State Industrial Commission, where there is any competent evidence reasonably tending to support the judgment and award of the Commission, the same will not be disturbed by this court on review.

Action in the Supreme Court by the Simpson Fell Oil Company et al. to review an award of the State Industrial Commission in favor of Will Tucker. Affirmed.

Owen & Looney and J. Fred Swanson, for petitioners.

Edwin Dabney, Atty Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondent.

CLARK, J. This is an original action in this court to review an award of the State Industrial Commission, made and entered the 1st day of August, 1927, wherein an award was made to the respondent, Will Tucker, at the rate of $16.92 per week, during the period of respondent's total disability.

The Industrial Commission found that respondent Tucker was in the employment of the Simpson Fell Oil Company; that on December 19, 1926, he sustained an accidental injury arising out of and in the course of his employment, and that claimant's disability was of a temporary total character, and that claimant was still temporarily totally disabled upon the date of the last hearing.

From said finding and award, the Simpson Fell Oil Company and the United States Fidelity & Guaranty Company, insurance carrier, bring the cause here for review.

Petitioners' ground for setting aside the award made by the Commission is that the same is not supported by the evidence and is contrary to the evidence, and that the evidence was insufficient to support the finding made by the Commission. This court will not review the evidence taken before the Commission and determine the weight and value to be given it, but, upon review, if there is any competent evidence upon issues of fact involved in the trial of the cause, it is final.

The evidence in this case disclosed that on the 19th day of December, 1926, a pulley fell from a derrick where respondent, Will Tucker, was working, struck him on the left side of the head, and, as stated by Dr. Barker who attended the respondent:

"I dressed Mr. Tucker's wounds and rendered first aid during the same day, but after an X-ray, went into his head and removed several fragments of bone. Upon an examination I found a puncture through his outer and inner skull about the size of a 20-penny nail. By probing in the hole I discovered the nail did not penetrate his brain, but probably went down between the brain and the skull. The wound through the skin, flesh, and skull showed a puncture going backward and downward."

Dr. Barker, in a letter written to the Industrial Commission June 3, 1927, which was admitted in evidence, said:

"I find at this time Mr. Tucker, at intervals of four or five days, had a swelling of his left ear; this ear protrudes from his head and becomes swollen. He also complains of violent headache. It may be necessary to go into his head and cut out a larger piece of the skull."

Respondent Tucker testified that his head hurt all the time; that:

"I cannot lift anything; it just seems like the whole top of my head is hurting all the time, and if I try to do anything at all, my head just swells. I cannot stoop down. My eye hurts me all the time, and runs water all night and burns me all the time. I cannot see good. If I get a little hot, it just seems like the whole top of my head is coming off and starts in from here over my left temple and runs over my eyes down to my ear. Q. Do you have any difficulty in your ear? A. Yes, it swells up and gets full of blood and gets stiff and hot and hurts all the time. It seems as though the blood does not circulate. It gets thick and it hurts and itches."

He further testified that the sight of his left eye was impaired and that at times he could not hear out of his left ear.

The fact that respondent was working for the Simpson Fell Oil Company and was struck on the head, on the date alleged, and suffered the injury described by Dr. Barker, is not denied by petitioners. Petitioners offered the testimony of Dr. Floyd J. Bolend, who testified he had examined the respondent, Tucker, the latter part of January and the first day or two of February, sent him to the hospital for further observation and had him there five or six days. That:

"From the X-ray taken at the University Hospital there appeared to have been a linear fracture, extending from a point above the level of the sphenoid, upward and posterior to the vertex on the left side; there is a small darkened area about midway which seems to indicate that there was a penetration with a resulting thickening at this point."

Upon examination for loss of hearing, found that he could hear at times; concluded that he could hear better than he stated he could. That the respondent complained of loss of sight in both eyes; that his conclusions are that considering his age he has not as good vision in his older days; was of the opinion that he was able to do ordinary mechanical and manual labor.

Dr. McDonald testified to the scar on respondent's head.

Dr. L. M. Westfall testified that he was an eye, ear, nose and throat specialist; that he examined the respondent February 2,

1927; later saw him at University Hospital; that the respondent had 65 per cent. normal vision in each eye; that he could demonstrate practically normal hearing in the right ear; was unable to demonstrate whether or not he had lost any great per cent. of hearing in the left ear.

Dr. Climer testified that he was a physician and surgeon, and stated he found nothing abnormal except a scar on his left temple region—

"Q. State whether or not the X-ray showed that there had been a fracture of the skull. A. It did not."

Several other doctors testified as to the condition of the claimant.

Dr. Bolend testified for petitioners that the X-ray showed a fracture of the skull. Dr. Climer testified equally as positively that it did not. Dr. Barker testified that the skull was penetrated; that he probed it. So, upon this conflicting evidence, with the testimony before the Industrial Commission, and there also being proof of good character by several witnesses who had known the respondent for years, the Industrial Commission reached the conclusion that respondent was temporarily totally disabled.

This court said, in the case of Courson v. Consolidated Fuel Co., 121 Okla. 170, 249 Pac. 155:

"A judgment of the State Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which a finding of fact is based."

In the case of Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 Pac. 98, this court said:

"The decision of the Industrial Commission as to facts is final, if there is any competent evidence to support the same."

In the case of Rock Island Coal Co. v. U. S. F. & G. Co., 112 Okla. 250, 240 Pac. 635, this court said:

"A judgment of the Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which a finding of fact is based."

There are a number of decisions of this court to the same effect. It is a well-settled rule in this jurisdiction and needs no citation of authorities.

Testimony disclosed that the respondent was a strong, able-bodied man prior to the injury; that his hearing and eyesight were normal; that subsequent to the injury he was unable to work; that he was temporarily totally disabled.

The evidence further disclosed that respondent had gone to the petitioner, Simpson Fell Oil Company, and offered to go back to work, but that he had been refused work by the foreman on the grounds that he was unable to perform manual labor.

The conclusion reached by the Industrial Commission, award and judgment entered, are in accord with the facts, supported by the facts and the law, and the same is affirmed.

MASON, V. C. J., and HARRISON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See Workmen's Compensation Acts —C. J. p. 122, §127; anno. L. R. A. 1916A, 266; L. R. A. 1917D, 186; 30 A. L. R. 1277; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1871; 5 R. C. L. Supp. p. 1581.