**LUNSFORD v. TEXAS COMPANY et al.**

No. 17612.  Opinion Filed June 5, 1928.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Appeal—Remand of Cause for Evidence as to Extent of Disfigurement.**

In an original action in this court to review an award of the State Industrial Commission awarding petitioner compensation for a serious and permanent disfigurement of the face, where the record is silent as to the extent of disfigurement, this court cannot say the award made by the Commission as compensation therefor is adequate or inadequate, and will remand the cause to the State Industrial Commission, with directions to set aside said award and to incorporate in the record evidence as to the extent of such injury and disfigurement.

Original action in Supreme Court by R H Lunsford, claimant, to review an award of the State Industrial Commission against the Texas Company and another, on the ground that the award was inadequate. Reversed, with directions.

G. C. Spillers, for petitioner.

Rittenhouse & Rittenhouse, Frank E. Lee, and J. Fred Swanson, for the Texas Company and the United States Fidelity & Guaranty Company.

George F. Short, Atty. Gen , and Fred Hanson, Asst. Atty. Gen., for State Industrial Commission.

CLARK, J. This is an original action brought in this court to review an award of the Industrial Commission. The award was entered on the 17th day of June, 1926, finding that petitioner sustained on October 23, 1925, a fracture of the left molar bone, that said accidental injury has resulted in the serious and permanent disfigurement of claimant's face, consisting of a depression of the left molar bone and producing a deformity to the left side of claimant's face. Petitioner was awarded $100 for this alleged injury; files his action here to review said award.

Petitioner alleges that award is inadequate and insufficient to in any wise compensate petitioner herein for the serious and permanent disfigurement he has sustained. Petitioner asks that said award be set aside and that this court make an order allowing petitioner the sum of $3,000 maximum compensation for serious and permanent disfigurement sustained by petitioner. It is the contention of the petitioner that the award is so small for the injury found by the Commission to have been suffered by petitioner that it really amounts to no award.

We have carefully examined the record in this cause, and the only evidence contained in the record pertaining to the question presented is that the appearance of the left side of claimant's face before the accident was the same as that of the right side at the time of the hearing; that there is a depression of the molar bone on the left side of the face, and that the commissioner who conducted the hearing viewed this depression. The length, width, and depth of the depression, or its variance from the normal condition of the face, are not shown in the record. There is no evidence in this record whereby this court can reach a conclusion as to whether or not the compensation awarded is adequate, reasonable, or just.

We think it is the duty of the Industrial Commission in cases of the character as in the instant case to cause to be incorporated in the record the character and extent of the disfigurement complained of.

It is true this court does not pass upon, and is not here attempting to pass upon, questions of fact where there is any evidence reasonably tending to support the same, but petitioner was entitled to have the record disclose the extent of his injury, the nature and character of his injury, that the same might be brought here for proper review by this court, as to whether or not the award made was adequate or inadequate. It appears from the record that the petitioner was not represented by counsel before the Industrial Commission, and the Industrial Commission, no doubt through inadvertence, failed to incorporate in the record the extent and nature of the injury which resulted in a serious and permanent disfigurement to claimant's face  We are not unmindful of the fact that the Industrial Commission handles many thousands of cases per year, and it is rare indeed where the record fails to show the nature and extent of the injury.

Having reached this conclusion, we vacate and set aside the award of the Industrial Commission, with directions to re-open said cause, and cause a record to be made of the extent and nature of the injuries suffered by petitioner, and to make such an award as in the judgment and discretion of the Industrial Commission it deems right and just.

MASON, V. C. J., and PHELPS. HARRISON, HUNT, and LESTER, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 125, §131.