BLACK, SIVALLS & BRYSON, Inc., v. HOMIER et al.

No. 31394. April 25, 1944.

*148 P. 2d 166.*

Shirk, Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for petitioner.

Karl D. Cunningham, of Kingfisher, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Black, Sivalls & Bryson, Inc., hereinafter referred to as petitioner, to obtain a review of an award which was made by trial commissioner, and on appeal affirmed by the State Industrial Commission, in favor of Henry William Homier, hereinafter referred to as respondent.

The essential facts are not in dispute. On December 14, 1942, respondent, while in the employ of petitioner and while engaged in compensable employment, sustained an accidental personal injury when a clamp on a roller slipped and cut his forehead above the left eye. The petitioner furnished necessary medical attention. The injury required only three or four stitches and resulted in no loss of time beyond the five-day waiting period. It left a scar, however, from one inch to one and one-half inches in length which was noticeable and permanent. As a result of hearings held to determine liability and extent of disability, the trial commissioner found that the scar constituted a serious and permanent disfigurement, and awarded compensation therefor in the sum of $250. Appeal was had to the State Industrial Commission sitting en banc, where the findings of the trial commissioner were adopted and the award was sustained.

The petitioner contends that the evidence is insufficient as a matter of law to support the award. The petitioner urges that compensation for disfigurement can only be made where the disfigurement is serious and permanent, citing Oklahoma Co. v. Industrial Commission, 148 Okla. 215, 298 P. 296; Skelly Oil Co. v. Skinner, 162 Okla. 150, 19 P. 2d 548. There is no contention that there is not a disfigurement and that the disfigurement is not permanent, but it is the contention that the disfigurement is not serious. The evidence adduced at the hearings held to determine liability and extent of disability disclosed that the scar was noticeable, permanent and disfiguring, but that it was not serious insofar as any after results were to be anticipated. The contention of petitioner as to the nonserious nature of the disfigurement is based upon their testimony. 85 O. S. 1941 § 22, subd. 3, insofar as pertinent, reads as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hands, compensation shall be payable in an amount to be determined by the Commission, but not in excess of Three Thousand ($3,000.00) Dollars."

This court has not had occasion to pass upon the question of what constitutes a serious disfigurement within the meaning of the above-quoted provision of the statute. We have, however, had occasion to consider awards of this nature in a number of different cases. In the case of Kahl & Smiley Drilling Co. v. Barrard, 150 Okla. 163, 1 P. 2d 151, we said:

"Where the evidence before the Industrial Commission discloses that claimant in the course of his employment received two cuts from particles of glass, one under his eye one-fourth of an inch in length and one on his cheek one-half of an inch in length causing scars which were plainly visible and were of six months' duration at the time of the hearing, this court will not reverse an award in favor of claimant for serious and permanent disfigurement on the ground that there was no expert evidence offered to establish the permanency of the disfigurement."

We have also held that an award for serious and permanent disfigurement of head, face, or hands may be made independently of other awards. See Brunstetter Motor Co. v. Brunstetter, 169 Okla. 184, 35 P. 2d 694; Seneca Coal Co. v. Carter, 85 Okla. 220, 205 P. 495; Comar Oil Co. v. Sibley, 128 Okla. 156, 261 P. 926; Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 P. 98; Ford Motor Co. v. Farmer, 146 Okla. 9, 293 P. 191.

While the evidence shows that at the time of the hearing respondent was earning more than he was earning at the time he was injured, it does not follow as a proposition of law that he could not receive an award for his disfigurement since the statute does not make reduction in earning capacity the basis of an award. See Skelly Oil Co. v. Skinner, supra; Mabee, Inc., v. Herring, 150 Okla. 165, 1 P. 2d 149; Mabee, Inc., v. Anthony, 155 Okla. 35, 8 P. 2d 22.

We agree with the State Industrial Commission in its conclusion that the disfigurement to respondent's face is to be considered both serious and permanent, and the amount of the award to be within a reasonable limit. Under these circumstances it becomes our duty to sustain the award.

Award sustained.

GIBSON, V. C. J., and RILEY, OSBORN, WELCH, HURST, and ARNOLD, JJ., concur.