CADDO COUNTY et al. v. HARTMAN et al.

No. 32090. Dec. 22, 1945.

164 P. 2d 617.

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioners.

Bulla & May, of Oklahoma City, Omer Luellen, of Hinton, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Caddo county and the State Insurance Fund, its insurance carrier, to review an award of the State Industrial Commission made to J. W. Hartman.

On the 19th day of May, 1944, J. W. Hartman, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that while employed as a bridge builder he sustained an accidental injury arising out of and in the course of his employment with the respondent Caddo county on the 16th day of May, 1944, when he suffered a compound depressed fracture of the left frontal bone of the forehead. On the 25th day of September, 1944, the State Industrial Commission entered an award which in part is as follows:

"That as a result of said injury claimant was temporarily totally disabled from May 16th, 1944, to August 1st, 1944, for which period of temporary total disability, less the 5 day waiting period, claimant has been paid compensation at the rate of $18.00 per week, and claimant is entitled to no further compensation herein for temporary total disability.

"That as a result of the injury to claimant's head he has sustained 20% permanent partial disability to the body as a whole, for which he is entitled to compensation in the sum of $1,800.00, 100 weeks at the rate of $18.00 per week, said 20% permanent partial disability being based on a permanent total disability or 500 weeks, and that there is accrued on said compensation the sum of $144.00, computed from August 1st, 1944, to September 27th, 1944, 8 weeks at the rate of $18.00 per week.

"That as a further result of said injury, which is separate and exclusive of the 20% permanent partial disability herein awarded claimant, claimant has sustained serious and permanent disfigurement in and around the left eye, for which he is entitled to compensation in the sum of $500.00, and that said sum should be paid to claimant at this time, in a lump sum."

On the 17th day of January, 1945, the State Industrial Commission affirmed the award. This proceeding is brought to review the award. The record shows that the respondent while engaged in bridge building for the petitioner was holding a winch raising up some pipe and had a tight line on the pipe and the line locked and the lock broke and as a consequence the rebound of the line struck respondent on the forearm and head knocking him unconscious. There is no dispute as to a resulting disabling physical condition.

The petitioner first argues that an award for permanent partial disability is premature and that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission as to such permanent condition. Dr. White, a qualified competent physician, testified for the respondent after reviewing the above facts relating to the accident and the physical condition of the respondent after examinations stated that at the time of the giving of his testimony, in his opinion, respondent had a permanent partial disability of 25 per cent. We have held that as to whether a disability which is the result of an accidental injury is temporary or permanent is a question of fact to be determined by the State Industrial Commission, and if there is any competent evidence reasonably tending to support the finding, the award based thereon will not be disturbed on review. Pittsburg Plate Glass Co. v. Davison, 190 Okla. 228, 122 P. 2d 388. Dr. White further testified, in effect, that while there might be a change in some respects for the better, the permanent disability then existing for performance of manual labor would not decrease, although it might increase. There is competent evidence reasonably tending to support the finding that as a result of the accidental injury the respondent has a disability of 20 per cent and that such disability is permanent.

It is next argued that the award for permanent disability and disfigurement constitute double compensation for the same specific injury. Petitioner cites and relies upon Milling Machinery, Jones-Hettelsater Const. Co. v. Thomas, 174 Okla. 483, 50 P. 2d 395, wherein we held that where an injured employee has been compensated for a specific injury such employee is not entitled to compensation again for such injury as constituting permanent disfigurement or a part thereof.

We are of the opinion that petitioner errs when it refers to the award as one for a specific injury. There is no award for a specific injury to the head. This is an award for the percentage of disability based on 500 weeks under the "other cases" provision of 85 O. S. 1941 § 22. We have held that an award for serious and permanent disfigurement of the head, face, and hand will be made independently of other awards. Black, Sivalls & Bryson, Inc., v. Homier, 194 Okla. 162, 148 P. 2d 166; Brunstetter Motor Co. v. Brunstetter, 169 Okla. 184, 35 P. 2d 694; Seneca Coal Co. v. Carter, 85 Okla. 220, 205 P. 495; Comar Oil Co. v. Sibley, 128 Okla. 156, 261 P. 926; Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 P. 98; Ford Motor Co. v. Farmer, 146 Okla. 9, 293 P. 191. It is admitted that respondent had a serious disfiguring scar on his forehead. The finding of the State Industrial Commission that in addition to the 20 per cent permanent partial disability respondent has a disfigurement over the left eye is supported by competent evidence.

The award is sustained.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.