PEERLESS ROCK CO. et al.

v.

BOWERS et al.

No. 35978.

Supreme Court of Oklahoma.

Feb. 23, 1954.

Mont R. Powell, Sam Hill, Oklahoma City, for petitioners.

John W. Tillman, Fred A. Tillman, Pawhuska, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

On the 10th day of March, 1953, Jack A. Bowers, respondent herein, was awarded compensation by a trial commissioner in the sum of $3,000 against his employer, Peerless Rock Company and its insurance carrier, State Insurance Fund, for serious and permanent disfigurement to his face and nose. The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award and rely in the main for its vacation on the ground that there is a total lack of evidence to sustain the finding of the Commission that as the result of the injury complained of respondent sustained a serious and permanent disfigurement to his face and nose.

The evidence as testified to by respondent in substance shows: On the 15th day of March, 1951, he was an employee of petitioner, Peerless Rock Company. He was employed to drive a dump truck. His duties consisted of driving the truck loaded with rock from the pit to the crusher. On the date above mentioned while engaged in this employment he was injured by a premature dynamite explosion. The explosion occurred while he was driving in the pit to get a load of rock. He was rendered unconscious as a result of the explosion. His nose and eyes were badly injured by the explosion. His nose was flattened and his face was badly mashed and as a result of the injury his face is disfigured and deformed.

Three physicians who examined and treated respondent filed reports of their findings and conclusions which were admitted in evidence by agreement. They all agreed that as a result of the injury sustained by respondent his face is to some extent disfigured. One of these physicians however states in his opinion it is too early to determine as to whether the disfigurement will be permanent. Another physician testified that as a result of the explosion respondent's right nostril has

been cut and is badly disfigured, his nose is flattened and there is a visible scar upon his face and the face shows a definite disfigurement.

■■■ The third physician stated that as a result of the explosion occurring on March 15, 1951, a rock hit respondent in the face producing a large laceration on the nose, also injury to his left eye and he has a scar on his face. While the medical evidence is somewhat conflicting as to the extent of respondent's disfigurement we think the weight of the evidence shows that as a result of the explosion respondent has sustained a serious and permanent disfigurement to his face. The facts in the case are very similar to the facts in Black, Sivalls & Bryson, Inc., v. Homier, 194 Okl. 162, 148 P.2d 166, 167. In that case we held:

"Where the evidence before the State Industrial Commission discloses that employee in the course of his employment received a cut over the left eye which left a permanent scar which was noticeable and disfiguring, an award for serious permanent disfigurement will not be vacated on the ground that the scar was not shown to be serious."

The evidence is sufficient to sustain the finding of the Commission as to disfigurement.

■■■ It is further contended by petitioners that the award is excessive. The award was entered under the provisions of 85 O.S.1951 § 22, par. 3, which, insofar as here material, provides:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of Three Thousand ($3,000.00) Dollars; * * *."

It will be noticed that under the above section of the statute a wide discretion is vested in the Commission as to the amount of compensation it may award in cases of this character, limited, however, to an award not to exceed the sum of $3,000.

The Commission in the exercise of its discretion awarded respondent compensation in the full amount allowed by statute. As above pointed out the award is justified by the evidence and no abuse of discretion is shown as to the amount awarded, and in the absence of such showing it will not be disturbed on review.

Award sustained.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.