■  In the Matter of the Claim of ANNA W. KAMINSKI, Respondent, against MOHAWK CARPET MILLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from that portion of an award made by the Workmen's Compensation Board which granted claimant the sum of $2,000 for serious permanent facial disfigurement. Appellants do not contest the award for temporary total disability, but contend that the board erred in making the award for disfigurement concurrently with a direction that payments continue for temporary total disability. Claimant was injured on March 8, 1957. As a result of hearings maximum compensation for temporary total disability at $36 per week has been made to June 16, 1958, with the direction that the payments be continued. On review by the board the carrier contended that an award for permanent facial disfigurement should be made and the case closed on the ground that there was no medical evidence of disability after May 12, 1958. The board made an award for facial disfigurement of $2,000 and affirmed the direction that payments continue at $36 per week on the basis of temporary total disability. It appears to be established that an award for facial disfigurement cannot be made to one permanently totally disabled. (*Clark* v. *Hayes,* 207 App. Div. 560, affd. 238 N. Y. 553.) Respondent's brief attempts to distinguish the *Clark* case on the ground that the present case involves temporary total disability and not permanent total disability. Following the reasoning of the *Clark* case, however, we fail to see any significant distinction. In the *Clark* case the court reasoned that there is a relation between any kind of compensation and loss of earnings or earning capacity, and that consequently when one is receiving compensation for total loss of earnings an additional award should not be made for facial disfigurement, because there would be an overlapping of compensation which was not contemplated by the law. The same reasoning seems equally applicable here as long as claimant's classification includes total disability whether it be temporary or permanent. Appellants do not contend that claimant should be forever foreclosed from an award for facial disfigurement, if there is a change in her disability classification, but contend that the award is premature as long as an award for total disability remains operative. Respondent relies on *Matter of Erickson* v. *Preuss* (223 N. Y. 365). The language of that case has been considerably weakened by *Matter of Sweeting* v. *American Knife Co.* (226 N. Y. 199), and the *Clark* case, which was affirmed by the Court of Appeals, expressly stated that the *Erickson* case " is no longer binding ". We think that the *Clark* case is controlling here, and that the award for facial disfigurement should not

.have been made while a concurrent award for total disability remained in effect. The award of $2,000 for facial disfigurement is reversed without prejudice to a reconsideration upon any change in claimant's disability classification, and the matter remitted to the board, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.