**KERR–McGEE CORPORATION, a corporation (Own Risk), Petitioner,**

v.

**Lawrence Ray WASHINGTON and State Industrial Court, Respondents.**

No. 44256.

Supreme Court of Oklahoma.

Oct. 13, 1970.

Francis S. Irvine, James A. Bagley, Jr., Kerr, Davis, Irvine, Burbage & Foster, Oklahoma City, for petitioner.

Glen Ham, Fermon Hatcher, Pauls Valley, for respondents.

JACKSON, Justice:

There is involved here for review an order of the State Industrial Court, sitting en banc, modifying and affirming an award of the trial judge allowing the respondent, Lawrence Ray Washington, claimant below, fifteen per cent permanent partial disability to the body as a whole as the result of disabling burns and $1,000.00 for disfigurement due to non-disabling burns all sustained while claimant was employed and working at a hazardous employment in the employ of petitioner, respondent below, on August 9, 1969. The parties will be referred to as they appeared in the State Industrial Court.

The material portions of the award entered by the trial judge are as follows:

"That as a result of the injury claimant has suffered serious and permanent disfigurement for which he is entitled to the sum of $1,000.00, in a lump sum and that as a result of said injury, claimant has sustained 15 per cent permanent partial disability to his body as a whole, for which he is entitled to compensation for 75 weeks at $42.50 per week, or the total amount of $3187.50, of which 27 weeks to April 5, 1970 shall be paid in a lump sum of $1147.50; that respondent or insurance carrier are ordered to pay to claimant the accrued portion of the award herein made in a lump sum, same being the amount of $2147.50 and to pay the balance of the award at the rate of $42.50 per week, until the total award of $4187.50 (less tax and attorney fee) has been paid to claimant; that respondent or insurance carrier reimburse claimant the filing fee. * * *"

The material portions of the order of the State Industrial Court, sitting en banc, are as follows:

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be modified to find claimant sustained 15% permanent partial disability due to the disabling burns and $1000.00 disfigurement due to non-disabling burns.

"IT IS THEREFORE ORDERED that the order of the Trial Judge heretofore entered in this case on April 8, 1970, be and the same is hereby modified to find that claimant has sustained 15% permanent partial disability to the body as a result of the disabling burns to the body and $1000.00 for serious and permanent disfigurement as a result of the non-disabling burns to the body.

"IT IS FURTHER ORDERED that the order of April 8, 1970, as herein

modified, be and the same is hereby affirmed, adopted, and made the judgment and order of this Court."

The evidence supports that finding.

■ Respondent contends that the portion of the order awarding the claimant the $1,000.00 for disfigurement is not sustained by the evidence and is contrary to law. It does not contest the portion of the order allowing the claimant fifteen per cent permanent partial disability to the body as a whole.

In the accident hot asphalt was thrown upon the claimant causing second and third degree burns to his face, head, arms and hands resulting in permanent disability and disfigurement.

85 O.S.Supp.1968 § 22(3) authorizing an award for permanent disfigurement to a compensation claimant provides:

"In case of an injury resulting in serious and permanent disfigurement, compensation shall be payable in an amount to be determined by the Commission, but not in excess of Three Thousand ($3,000.00) Dollars; provided, that compensation for permanent disfigurement shall not be in addition to the other compensation provided for in this Section, but shall be taken into consideration in fixing the compensation otherwise provided."

Claimant testified that the hot asphalt was blown on his face, arms and hands and it was thirty or forty-five minutes before the asphalt was removed by a doctor; that the scars on his face prevent him from opening his mouth as wide as he could before the accident; that the scars cause tightness in his right hand; that the scars become irritated in hot or cold weather and he has itching and burning; that he has decided to submit his claim for permanent disability and disfigurement and forego plastic surgery.

Claimant submitted in evidence the medical report of Dr. R which reads:

"* * * Mr. Washington was examined in my office on February 16, 1970 for evaluation of accidental injury received on August 9, 1969 at which time he opened a valve and received burns on the face and arms from hot asphalt. *Deep burns occurred on the right side of the face with overgrown scars from deep third degree burns and the right forearm has more severe scarring than the left. There are several areas of third degree burns on the right arm and additional small areas on the hands about the knuckle* although there is not severe limitation of hand motion. Motion of the right arm is somewhat limited due to contractures and the scarring at the right corner of the mouth limits full functioning in opening the mouth. This man complains of temperature sensitivity particularly in the areas where the burns were deep. Examination confirms the history of the absence of severe limitation of motion with regard to the hands and with some limitation of motion in the right forearm due to contracture and overgrown scarring. *The contracture of the scars about the mouth is also cause for limitation of function at this orifice.*

"It is my impression that additional surgery would probably not be beneficial and that no other treatment is likely to improve his condition. *It is therefore my impression that in addition to disability due to the unsightly scarring particularly in the facial area which disfigurement is not a part of this estimate of this disability* since it is obvious to the ordinary observer, that Mr. Washington has 10 percent partial permanent disability to the body as a whole for the performance of ordinary manual labor as a result of the limitation of motion of the mouth and face and 10 percent partial permanent disability to the right arm for the performance of ordinary manual labor as a result of the limitation in the forearm. This involvement also includes the elbow region. Other areas of lesser complaint, including the left arm, cause some additional disability and are combinable. It

is my impression that by combination of these disabilities that Mr. Washington has 25 percent partial permanent disability to the whole body for the performance of ordinary manual labor as a result of the above described accidental injury. (emphasis ours)

Respondent submitted in evidence the medical report of Dr. D which states:

"He (claimant) has well healed second degree burns of the upper extremities from the elbows to the wrists, circumferentially. He also had third degree burn contractures of the face, and healed second degree burns of the forehead and ears.

"The evaluation revealed a ten percent permanent partial disability of the body as a whole as a result of the thinness of the skin, circumferentially of the arms and elbows, with no loss of motion. *He has permanent disfigurement as a result of his burns,* and could be benefited by surgival revision." (emphasis ours)

The facts presented here are strikingly similar to those presented in Caddo County v. Hartman, 196 Okl. 276, 164 P.2d 617, wherein claimant sustained a fracture of the left frontal bone of forehead, also permanent disfigurement of the forehead and around the left eye. We sustained an award of the State Industrial Court awarding the claimant 20 percent permanent partial disability to the body as a whole and the additional sum of $500.00 for permanent disfigurement. In sustaining the award we said:

"  *  *  * We have held that an award for serious and permanent disfigurement of the head, face and hand will be made independently of other awards. Black, Sivalls & Bryson, Inc. v. Homier, 194 Okl. 162, 148 P.2d 166; Brunstetter Motor Co. v. Brunstetter, 169 Okl. 184, 35 P.2d 694; Seneca Coal Co. v. Carter, 85 Okl. 220, 205 P. 495; Comar Oil Co. v. Sibley, 128 Okl. 156, 261 P. 926; Arrow Gasoline Co. v. Holloway, 122 Okl. 257, 254 P. 98; Ford Motor Co. v. Farmer, 146 Okl. 9, 293 P. 191.  *  *  * "

See, also, Grinnell Co. v. Smith, 203 Okl. 158, 218 P.2d 1043.

Counsel for the respondent cite Milling Machinery, Jones-Hettelsater Const. Co. v. Thomas, 174 Okl. 483, 50 P.2d 395 and Seneca Coal Co. v. Carter, 85 Okl. 220, 205 P. 495. These two cases are not in point as they involve awards for injuries to specific members of the body while the award here is for a percentage of disability to the body as a whole under the "other cases" provision of the Oklahoma Workmen's Compensation Act. This distinction was clearly pointed out in Caddo County v. Hartman, 196 Okl. 276, 164 P.2d 617 and Arrow Gasoline Co. v. Holloway, 122 Okl. 257, 254 P. 98.

■ Counsel for respondent also cite Lunsford v. Texas Co., 131 Okl. 185, 268 P. 200, in support of their contention that as the trial judge did not enter into the record a description of the disfiguring scars there is no evidence to support the award for disfigurement. The case is distinguishable on the facts. In the Lunsford case claimant appeared before the State Industrial Court in person without counsel. He exhibited his disfiguring scars to the trial judge but the trial judge did not enter the description into the record and no other evidence was submitted establishing the nature and extent of the scars. The trial court entered an award of $100.00 for disfigurement. Claimant appealed to this court and we reversed with directions to the Industrial Commission to reopen the case and permit the claimant to offer additional evidence establishing the nature and extent of the disfigurement. While in the present case the trial judge did not recite into the record his own statement after the viewing of the scars, the scars were described by the claimant and two examining doctors.

The award of the State Industrial Court is supported by reasonable competent evidence and is in accord with law declared by this court in prior decisions.

Award sustained.

All the Justices concur.