GARRETT'S FURNITURE and Mid-Continent Casualty Company, Petitioners,

v.

Clyde MORGAN and the State Industrial Court, Respondents.

No. 45417.

Supreme Court of Oklahoma.

June 20, 1972.

Henry W. Nichols, Jr., Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Paul Stumbaugh, Mangum, for respondents.

DAVISON, Vice Chief Justice.

There is presented here for review an award of a trial judge of the State Industrial Court, affirmed by the court sitting en banc, awarding the respondent, Clyde Morgan, claimant below, total and permanent disability of five hundred weeks compensation, and in addition twelve hundred and fifty dollars for permanent disfigurement. Parties will be referred to as they appeared before the State Industrial Court, respondent Clyde Morgan, as claimant, and petitioner, Garrett's Furniture, as respondent, and the State Industrial Court as the "trial court."

Respondent challenges solely that portion of the award allowing the claimant the sum of twelve hundred and fifty dollars for permanent disfigurement in addition to an award of five hundred weeks for total and permanent disability.

We have held that the maximum Workmen's Compensation benefits an injured employee may be awarded under the provisions of the Oklahoma Workmen's Compensation Act, 85 O.S.1971, § 22, is an award for five hundred weeks and the State Industrial Court cannot award an injured party any amount for permanent disfigurement in addition to an award for five hundred total and permanent disability. Oklahoma Natural Gas Corporation v. Smith, 147 Okl. 221, 296 P. 454 (1931); Federal Mining & Smelting Co. v. Warman, 145 Okl. 281, 292 P. 865 (1930).

Claimant contends that the Smith and Warman cases decided more than forty

years ago are no longer controlling and that in recent years courts have been taking a different view on awards of disfigurement citing Peerless Rock Co. v. Bowers, Okl., 267 P.2d 556 (1954); Grinnell Co., Inc. v. Smith, 203 Okl. 158, 218 P.2d 1043 (1950); Caddo County v. Hartman, 196 Okl. 276, 164 P.2d 617 (1945); and Black, Sivalls & Bryson v. Homier, 194 Okl. 162, 148 P.2d 166 (1944).

The cases cited simply hold that an award for disfigurement may be made independently of other awards. None of the cases involve the allowance of an award for disfigurement in addition to an award of five hundred weeks for total permanent disability. They are not in point here.

The rules of law declared in Oklahoma Natural Gas Corporation v. Smith, supra, and Federal Mining and Smelting Co. v. Warman, supra, have not been modified, overruled, limited or restricted but have been reaffirmed by later decisions of this court. Special Indemnity Fund v. Sims, 196 Okl. 101, 163 P.2d 210 (1945); Brunstetter Motor Co. v. Brunstetter, 169 Okl. 184, 35 P.2d 694 (1934).

The rule of law established in the Smith and Warman cases is in accord with later decisions from other jurisdictions. In Rupert v. Todd Shipyards (C.C.A. 9, 1956), 239 F.2d 273, the Federal Court held that an injured employee who had been awarded compensation for permanent total disability under the provisions of the Longshoremen's and Harbor Workers' Compensation Act was not entitled to an additional award for facial disfigurement. Other recent cases are Williams v. American Surety Company, Fla.App., 99 So.2d 877 (1958); Kaminski v. Mohawk Carpet Mills, 11 A.D.2d 827, 202 N.Y.S.2d 731 (1960), citing the earlier case of Clark v. Hayes, 207 App.Div. 560, 202 N.Y.S. 453, affirmed 238 N.Y. 553, 144 N.E. 888; Burnette v. Startex Mills, 195 S.C. 118, 10 S. E.2d 164 (1940).

The pertinent part of Title 85 O.S.1971, § 22, provides:

"I. Permanent Total Disability. In case of total disability adjudged to be permanent, sixty-six and two-thirds percent (66⅔%) of the average weekly wages shall be paid to the employee during the continuance of such total disability *not exceeding* five hundred (500) weeks; * * *" (Emphasis supplied)

Under the above statute an employee is not entitled to receive an award for disfigurement in addition to an award of five hundred weeks for total permanent disability.

We see no cogent reason for our departing from the rule of law declared in Oklahoma Natural Gas Corporation v. Smith, supra, and Federal Mining and Smelting Co. v. Warman, supra.

The $1250.00 award for disfigurement is vacated and the Industrial Court is directed to eliminate this part of the award in calculating the amount to which the claimant is entitled to receive. Otherwise the award is affirmed.

All Justices concur.