SAFEWAY STORES, INC., and the Travelers Insurance Company, Petitioners,

v.

Jesse Moran HART and the State Industrial Court, Respondents.

No. 48537.

Supreme Court of Oklahoma.

June 8, 1976.

J. Clark Russell, Oklahoma City, for respondents.

Ralph Smith, Oklahoma City, for petitioners.

IRWIN, Justice.

The principal issue for review involves the correctness of the State Industrial Court's award of compensation for serious and permanent disfigurement, sustained as result of accidental personal injury during course of covered employment.

Claimant suffered injury to his head and crushing injury to the left side of the face, a broken neck, broken jaw, broken ribs, and injury to his right shoulder and arm. Claimant's injuries required extended periods of hospitalization and surgery, including numerous cosmetic surgeries, skin grafting, and related procedures in an attempt to repair the left side of claimant's head and face.

Claimant displayed visible scarring across the chin and under the lower lip running upward toward the left ear. An indentation in the left jaw ran upward and pulled up the corner of the left eye, the result of surgery to save the eye, with further surgery anticipated for repair of the lower lid. Although claimant's hearing was unimpaired, claimant's left ear had been torn off, and the trial judge observed that the ear, after surgical repair, was approximately three-fourths inch lower than the other.

The trial judge awarded compensation for 78.24% permanent partial disability to body as a whole, and further awarded $3,000.00 compensation for permanent disfigurement to claimant's head and face. Medical aspect of the case was left open for anticipated treatment of claimant's leg and ear. On appeal to State Industrial Court en banc this order was modified, by reduction of award for disfigurement to $2,979.90, and affirmed as modified.

Apparently, the Court en banc reduced the award for disfigurement in order not to exceed the maximum compensation of 500 weeks as set forth in *Garrett's Furniture v. Morgan,* Okl., 498 P.2d 1380 (1972), wherein we held:

"Maximum compensation benefits under the Oklahoma Workman's Compensation Act, 85 O.S.1971, § 22, allowable to an injured workman, is five hundred weeks and the injured workman is not entitled to receive an award for perma-

nent disfigurement in addition to the allowance of five hundred weeks for total permanent disability."

Respondents contest the trial court's order awarding a lump sum for serious and permanent disfigurement of claimant's head and face. Respondents' arguments center on the construction of 85 O.S.1971 § 22(3), as amended in 1968. The 1968 amended provisions of § 22(3), read as follows:

"In case of an injury resulting in serious and permanent disfigurement, compensation shall be payable in an amount to be determined by the Court, but not in excess of Three Thousand Dollars ($3,000.00); *provided, that compensation for permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided.*" (emphasis ours)

Prior to 1968 this statute, supra, provided:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of Three Thousand ($3,000.00) Dollars; provided, that compensation for the loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this Section, but shall be taken into consideration in fixing the compensation otherwise provided."

Respondents' argument may be paraphrased as follows: The statute as amended must be construed as having removed the prior restriction which limited award to one for disfigurement of the head, face, or hand. Without this restriction, the existing disfigurement provision clearly was intended to apply to any portion of the body, and any injury which results in permanent disability and permanent disfigurement, is compensable only once, either as permanent disability or as dis-

figurement. Respondents' position is that the award for disfigurement to claimant's head and face is erroneous.

The 1968 amendment to § 22(3) evidences an obvious legislative intent to expand beyond the head, face and hands to the entire body, the area of the body for which disfigurement might be compensated. We see no indication from the language of the 1968 amendment that the Legislature wished to alter accepted construction of the statute, including the limiting proviso. Respondents' interpretation of § 22(3) would narrow operation of statute by precluding disfigurement award whenever permanent partial disability was awarded for injury to body as a whole.

Disfigurement is a separate and independent element of compensation, awarded in conjunction with a compensable injury. The separate status of an award for disfigurement has been recognized where the injury is to a specific scheduled member. *Seneca Coal Co. v. Carter,* 85 Okl. 220, 205 P. 495, and where the injury is to body as a whole under the "other cases" provision of § 22. *Caddo County v. Hartman,* 196 Okl. 276, 164 P.2d 617 (1945). Since § 22(3) was amended in 1968, this Court has approved an award of disfigurement as a separate element of compensation where claimant sustained an injury to body as a whole under the "other cases". *Kerr-McGee Corp. v. Washington,* Okl., 475 P.2d 815 (1970).

*Kerr-McGee Corp. v. Washington,* supra, is an excellent example of rationale of the limiting proviso in subsection (3). There claimant sustained burns to hands, arms and body with resulting scars. The court distinguished between scars which were disabling, reducing claimant's ability to work, from scars which were disfiguring but not disabling. Scars which diminished claimant's ability to work were compensated in an award for permanent partial disability, but were no part of the court's consideration in determining the award for disfigurement. Scars which did not diminish claimant's ability to work were

the subject of the disfigurement award, but no scars contributing to disability were part of the disfigurement award.

■ The medical evidence clearly suports the finding of serious and permanent disfigurement of claimant's head and face. There is ample evidence showing claimant's continuing need for cosmetic surgery to his face, lip, left cheek, eyelid and eyebrow. Further surgery is recommended by the treating physician. None of the medical reports in evidence suggested that maximum benefits had been obtained, or recommended that claimant should be released from treatment. Unquestionably the State Industrial Court has authority to retain jurisdiction of a claim for the purpose of ordering further necessary medical treatment. *Orrick Stone Co. v. Jeffries,* Okl., 488 P.2d 1243 (1971).

Respondents assert as error the court's finding that medical aspects of the case should remain open for anticipated treatment of claimant's left leg and ear. Respondents argue that there is no medical evidence disclosing the involvement of claimant's left leg or ear, and that claimant's continuing need for medical care with respect to the left leg and ear is without evidentiary support. Claimant testified concerning the discernable injury to his left ear.

■ Claimant's testimony indicated that the ear remained sore and troublesome and that he had been advised by his physician that this was not a matter for concern. The ear had been torn off, and necessary cosmetic surgery had been postponed several times. There is no evidence of hearing loss and no award was entered for any disability for loss of hearing. The award was only for obvious disfigurement to the face and ear. The disfigurement was apparent and observable, and the trial judge entered a description of the disfigurement into the record.

■ ■ The record is devoid of evidence tending to support any basis for a finding of disability or need for continuing medical treatment for claimant's left leg. The portion of the order relating to claimant's left leg must be vacated. An order or award of the State Industrial Court based upon a material finding of fact which is unsupported by competent evidence will be vacated on review. *Campbell v. State Industrial Court,* Okl., 519 P.2d 510 (1974).

Provision of the order purporting to hold medical aspect of the case open in respect to left leg injury is vacated. In all other respects the award is sustained.

Award vacated in part; Sustained in part.

WILLIAMS, C. J., and DAVISON, BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.