**YAFFEE METALS and Transportation Insurance, Co., Petitioners,**

v.

**Paul QUICK and The Workers' Compensation Court, Respondents.**

No. 86471.

Court of Appeals of Oklahoma, Division No. 3.

March 12, 1996.

Rehearing Denied May 21, 1996.

---

Andrew B. Morsman, Tulsa, for Petitioners.

Gerald K. Donovan, L. Brad Taylor, Tulsa, for Respondents.

## OPINION

HANSEN, Presiding Judge:

Petitioner, Yaffe Metals ("Employer"), seeks review of an order of a three-judge panel, which affirmed the trial judge's order which awarded Respondent, Paul Quick ("Employee"), compensation for both permanent partial disability and permanent disfigurement. Employee was injured on November 5, 1992, when he was struck in the mouth by a four foot wrought iron gate swinging on a forklift. Because of the accident, Employee lost the remaining 13 teeth in his mouth and is now edentulous. In its order, the trial court found Employee sustained an accidental personal injury to the jaw, face and teeth arising out of and in the course of his employment, for which he was paid temporary total disability. The trial court further determined Employee sustained 9% permanent partial disability to the body as a whole due to injury to the jaw, sustained 0% permanent partial disability to the face, and suffered serious permanent disfigurement due to the loss of 13 teeth. Employee was awarded compensation for the jaw injury and for disfigurement due to the lost teeth.

In its sole assignment of error in its Petition for Review, Employer argues the award of compensation for both disability and for disfigurement constitutes double compensation for the same loss, contrary to 85 O.S.1991, § 22, because both awards are based on the loss of 13 teeth. Although Employer contests the competency of Employee's medical evidence in its brief and whether competent evidence supports the permanent disability awards, these issues *were not raised in its Petition for Review.* Generally, this Court will not review allegations of error that have not been preserved in the Petition for Review. *Greene v. Circle Insurance Company,* 557 P.2d 422, 423 (Okla.1976). Accordingly, our review is limited to the single issue raised in the Petition in Error.

A decision of a three-judge review panel may not be disturbed on appeal if supported by any competent evidence. *Oklahoma Gas & Electric Company v. Black,* 894 P.2d 1105, 1107 (Okla.1995). 85 O.S.Supp. 1992, § 22 provides a schedule for compensation under the workers' compensation laws. Subparagraph 3 of that section sets compensation for permanent partial disability.

Within this provision is the following language:

> In case of an injury resulting in serious and permanent disfigurement, compensation shall be payable in an amount to be determined by the Court, but not in excess of Twenty Thousand Dollars ($20,000.00); provided, that compensation for permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided.

Disfigurement is a separate and individual element of compensation, awarded in conjunction with a compensable injury. *Safeway Stores, Inc. v. Hart*, 550 P.2d 1327 (Okla.1976). The statutory language quoted above has been explained as follows:

> The phrase, "should not be in addition to other compensation provided for in this section," makes plain the intention of the Legislature that the compensation allowed for permanent disfigurement has reference to other injuries not compensable as specific injuries provided for specifically, such as the loss of an eye, hand, or foot, etc. The phrase, "but shall be taken into consideration in fixing the compensation otherwise provided," vests the commission with jurisdiction in allowing compensation for a permanent disfigurement to consider any compensation that may have been allowed for a specific injury. For instance, just as in the case at bar, where the injured employee has been compensated for the loss of an eye, in awarding compensation for a permanent disfigurement of the face to the extent that the loss of an eye has to do with permanent disfigurement, the commission, in making the award, must eliminate from such disfigurement to the face the loss of the eye, or such loss as the impaired eye contributed to the disfigurement of the face. The loss of an eye, having been compensated under the first part of the statute, supra, prescribing a specific amount for the loss of an eye, is not to again be compensated as constituting a part of a permanent disfigurement.

*G & G Steel Erectors, Inc. v. Gutierrez*, 683 P.2d 543 (Okla.App.1984), quoting *Seneca Coal Co. v. Carter*, 85 Okla. 220, 221–22, 205 P. 495, 496 (1922).

Employer maintains Employee was compensated twice for the same body part. The trial court's order indicates Employee sustained 9% permanent partial disability to the body as a whole due to the jaw injury but 0% disability to the face. Permanent disfigurement was awarded "due to loss of 13 teeth". Employee presented medical evidence he had a 10% impairment to the body as a whole based upon "abnormalities of mastication and deglutition" and 7% impairment to the body as a whole as contributed by injury to the "facial and trigeminal nerves." In his deposition, Dr. F described mastication and deglutition as chewing, eating and swallowing. He stated Employee had major "crepitance in his temporomandibular joints". He further stated the 10% impairment rating was "based solely upon the temporomandibular joints, independent of any dental concerns".

An examination of the evidence and a plain reading of the trial court's order show Employee was not compensated twice for the same injury. The award of permanent partial disability was made to compensate Employee for his jaw injury, not for his teeth or face, while the award for disfigurement was based on the loss of 13 teeth. Loss of one's teeth is a serious facial disfigurement. *Grinnell Co. v. Smith*, 203 Okla. 158, 218 P.2d 1043 (1950).

The order of the Workers' Compensation Court is SUSTAINED.

ADAMS, V.C.J., and BUETTNER, J., concur.