## OKLAHOMA PORTLAND CEMENT CO. v. OZMENT et al.

No. 29657. July 2, 1940.

*104 P. 2d 235.*

Warren B. Kice, of Ada, for petitioner.

Anton Koch, of Henryetta, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Oklahoma Portland Cement Company, hereafter referred to as petitioner, to obtain a review of an award which was made on December 19, 1939, by a trial commissioner of the State Industrial Commission in favor of T. L. Ozment, hereafter referred to as respondent.

The record shows that respondent sustained a compensable injury on June 10, 1924, while in the employ of the petitioner and that he was furnished necessary medical attention and paid compensation for temporary total disability,

and that on August 24, 1939, he filed a motion wherein he requested the State Industrial Commission to determine the extent of the permanent disability which he had sustained as a result of his injury; that at the conclusion of hearings held to determine this matter, a trial commissioner of the State Industrial Commission found that respondent had a 15 per cent. permanent partial loss of use of his left foot which was attributable to his original injury, and made an award in conformity therewith. The petitioner presents a single contention, which is, in substance, that the finding so made is without support of any competent evidence.

The respondent produced Dr. R. F. King, who testified that, upon examination and upon the history given him by respondent, in the opinion of said witness the respondent had from 40 to 50 per cent. permanent partial disability to his left foot. The petitioner urges that, since the respondent testified that he had done a large amount of hard manual labor during the 15 years intervening between the injury and the time the hearing was held to determine permanent disability, and since the medical witnesses who appeared on behalf of petitioner were of the opinion that the respondent had no permanent partial disability as a result of his injury, that therefore there was no competent evidence to support the finding as made by the trial commissioner. We are unable to agree with this contention. The petitioner in effect requests that we weigh the evidence of the medical witnesses and that of the respondent. This we will not do. Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622. The award is reasonably supported by competent evidence and was made in the course of the administration of relief under the Workmen's Compensation Act, and therefore will not be disturbed. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

Award sustained.

BAYLESS, C.J., WELCH, V.C.J., and RILEY, HURST, and DANNER, JJ., concur.