GILLETTE MOTOR TRANSPORT, Inc., et al. v. HOLBROOK et al.

No. 33396.    Nov. 23, 1948.

Rehearing Denied March 7, 1950.

*215 P. 2d 836.*

A. M. Covington, of Tulsa, for petitioners.

Raymon B. Thomas and Charles C. Liebler, both of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. Claimant filed his first notice of injury and claim for compensa-

tion, stating that on November 12, 1946, and February 14, 1947, he sustained an accidental injury resulting in a disability while employed as a driver and dock helper for the Gillette Motor Transport, Inc. Hearings were conducted to determine the cause and extent of the disability, the State Industrial Commission entered an award under date of September 10, 1947, and this proceeding is brought to review the award.

The testimony of claimant is to the effect that on November 12, 1946, he was loading material for the Gillette Motor Transport consisting of boxes, from five to fifty pounds in weight, when he strained his back; that on February 14, 1947, he again strained his back in the same or a similar manner and thereupon quit work and reported to Dr. Murdock, who examined him and performed an operation repairing a hernia; that since that time he has been subject to pains in his back and abdominal region so that he is unable to perform his work in the ordinary manner.

Dr. Murdock, who performed the operation, also testified that he performed an operation on the claimant but denied that he repaired a hernia.

The award first entered by the trial commissioner was for the hernia alone and ordered payment of 14 weeks at the maximum rate of $21 per week for the repair of a hernia. Both parties appealed to the commission en banc and on appeal the award as made by the trial commissioner was opened and a further hearing conducted, following which the present award was made granting 14 weeks for the hernia at the maximum rate of $21 per week, and $200 for the operation and 20 per cent disability to the body as a whole payable at the rate of $21 per week for 100 weeks.

In the first proposition it is insisted that there is no evidence of a hernia resulting from an accidental injury during the employment of claimant. With this contention we agree. Only two doctors testified as to the hernia in-

jury. Dr. Murdock stated that on February 17, 1947, claimant came to his office with an attack of appendicitis; that he was operated on February 18, 1947, and his appendix removed and some adhesions of the inside of the abdomen corrected. He also testified that he removed a tumor mass. He denied specifically that he repaired a hernia. He stated that claimant had a ventral hernia near the naval; that it was congenital and in no way connected with a disability due to an accidental injury.

Dr. Rhodes, who examined the claimant for the purpose of testifying, stated that there was a ventral hernia near the operative scar of claimant, and that he did not know whether it was caused by an accidental injury and that it was not there prior to the operation. We have repeatedly held that where the employee's disability is of such character as to require skilled and professional men to determine the cause and extent thereof the question is one of science and must necessarily be proved by expert testimony. Armour & Co. v. Worden, 189 Okla. 106, 114 P. 2d 173.

Since neither doctor stated that the hernia was the result of an accidental injury, there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that the claimant sustained a hernia as a result of an accidental injury during his employment and this part of the award must be vacated.

In the final proposition it is argued that there is no competent evidence reasonably tending to support the finding that as a result of an accidental injury claimant has a permanent partial disability of 20 per cent. Dr. Rhodes testified that by reason of the lifting of the boxes and packages claimant sustained an accidental injury due to strain; that this injury was to the pelvic region and caused by calcification and that he fixed the permanent disability due thereto at 20 per cent. The other doctors testified that there was no permanent disability either to the back or to the pelvic region due

to an accidental injury. Under the rule announced in Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847, the State Industrial Commission may accept as true the testimony offered of any skilled expert witness as against the testimony of another.

There is competent evidence tending to support the finding that as a result of an accidental injury claimant has a 20 per cent disability to the body as a whole.

Having vacated the award entered for repair of the hernia, petitioners' third proposition concerning the alleged irregularity of payment for the hernia requires no discussion.

Award modified and sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY and BAYLESS, JJ., concur. WELCH, GIBSON, and LUTTRELL, JJ., dissent.