SPECIAL INDEMNITY FUND v. ARNOLD et al.

No. 32516.     Dec. 14, 1948.

*200 P. 2d 907.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

Harlan S. Trower and John S. Athens, both of Tulsa, for respondent Charles F. Arnold.

S. H. Singleton, of Oklahoma City, for respondents Berry Truck Lines and Commercial Standard Insurance Company.

Mac Q. Williamson, Atty. Gen., for Industrial Commission.

BAYLESS, J. Charles F. Arnold sustained an accidental injury to his right foot on April 15, 1944, while employed as an inter-city truck driver for Raymond C. Berry Truck Lines of Tulsa, Okla. The State Industrial Commission, after proceedings duly commenced to determine the extent of disability resulting from the accident, entered an award under date of October 6, 1945, finding that by reason of said accidental injury claimant sustained a disability of 8 per cent to the right foot; that on September 8, 1942, the State Industrial Commission entered an award for claimant for an injury sustained to the right foot while employed by another employer, said award being based upon Form 14 stipulation of settlement, and fixing 15 per cent permanent partial disability to the right foot; that on May 31, 1943, the Industrial Commission of Arkansas awarded claimant 30 per cent disability to the right arm. The State Industrial Commission then found that the degree of disability to the right foot caused by the prior injury was 12 per cent permanent partial disability. The degree of disability caused by the injury to the arm was fixed at 25 per cent. Based upon such disabilities the State Industrial Commission found that by reason of the combination of the injuries claimant had sustained a degree of disability materially greater than that caused by the latter injury alone and fixed the total degree of disability at 20 per cent based upon 500 weeks.

This proceeding is brought by petitioner to review the award as made and it is first argued that the evidence does not show claimant to be a physically impaired person. Claimant was a physically impaired person by reason of the settlement based upon Form 14 filed in the proceeding before the State Industrial Commission of this state for the reason that we have repeatedly declared that a settlement upon Form 14, duly approved by the State Industrial Commission, is a final determination and binding upon the parties and cannot be reconsidered except upon a change of condition. It therefore follows that it is an adjudication within the meaning of 85 Okla. St. Ann. §172. Pickering Lumber Co. v. Campbell, 147 Okla. 158, 295 P. 596; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Patrick & Tillman v. Matkin, 154 Okla. 232, 7 P. 2d 414.

It is next argued in this connection that the only disability caused by the injury for which a settlement was made under the rules of the Industrial Commission of Arkansas was due to a shoulder injury and that since a shoulder injury is an "other cases" injury, there is no evidence of a lay witness sufficient to establish a disability to the arm within the meaning of 85 Okla. St. Ann. §172, supra. With this contention we do not agree. Petitioner cites Special Indemnity Fund v. Keel, 196 Okla. 315, 164 P. 2d 996, wherein this court held that the evidence was not sufficient to sustain a finding that there was observable to a lay witness a loss to a specific member, to wit, the arm, merely because there was evidence in the record of a visible knot on the shoulder related to the arm. In Special Indemnity Fund v. Keel, supra, we said:

"If the loss of use of claimant's left arm was sufficiently pronounced that ordinary laymen from observation or

examination could discover, without the aid of persons skilled in the medical profession, that a loss of use thereof existed, such fact could be proved, as any other fact, by any witness who might show himself conversant with such fact."

After stating what the evidence showed as to the disability to the shoulder it is stated:

"They did not testify that they had noticed either by observation or examination that claimant had lost any use of said arm."

And finally, as to the finding made by the State Industrial Commission, this court stated:

"In the present case we are confronted with the loss of use of a specific member by reason of an injury to the body and in the present case the trial commissioner found that the disability or impairment to the shoulder (the shoulder not being a specific member) was apparent to an ordinary layman or person not skilled in the medicial profession. The commission made no such finding as to specific members."

In Special Indemnity Fund v. Wade, 199 Okla. 547, 189 P. 2d 609, it is stated that an "other cases" injury which affects a specific member is a specific member injury.

Two lay witnesses testified as to the disability to the arm resulting from the injury to the shoulder. E. H. Nichols stated that upon observation of the claimant's right and left shoulders it appeared that the right shoulder was abnormal; that there was a protrusion of the shoulder or collar bone which placed the collar bone "too far over"; that such circumstance rendered the claimant incapable of doing as much work with the right arm as with the left; that in his opinion the right arm would "give out" quicker than the left one.

Ralph Stares, after observing claimant's arm and shoulder, gave the same or almost identical testimony with relation to the observation of the disability and stated that he had watched people doing ordinary manual labor all his life; that in his opinion the claimant could not use the arm in the ordinary manual labor without favoring the arm, and that claimant would be handicapped in the use of the arm; that when labor was plentiful claimant might be able to obtain and hold a job, but because of the condition of the arm he would be one of the first to be discharged for physical inability to perform his labor under certain economic conditions.

We are of the opinion and hold that this constitutes sufficient evidence upon which the State Industrial Commission was authorized to base a finding that by reason of the accidental injury sustained by the claimant in 1943, he was a physically impaired person by reason of the loss of use of the arm within the meaning and definition of 85 Okla. St. Ann. §172.

In the third proposition it is urged that the State Industrial Commission must deduct at least 10 per cent as disability resulting from the last injury. We cannot agree with this contention. Dr. White, a physician testifying for the respondent, stated that in his opinion there was a disability to the foot of 20 to 25 per cent. The report of Dr. Glass was offered in evidence by the petitioner. It is stated that in his opinion there was a disability to the right foot of not to exceed 10 per cent. The commission found that by reason of the injury of April 15, 1944, he had sustained a disability of 8 per cent and such a finding is within the reasonable limitation fixed by the medical experts and there is competent evidence to sustain this finding.

Finally, it is argued that it is the duty of the State Industrial Commission to deduct from the over-all award the disability caused by the prior injury. We have repeatedly held to the contrary. Special Indemnity Fund v. Wood, 195 Okla. 357, 157 P. 2d 905, and Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795, and cases therein cited.

Award sustained.

HURST, C. J., DAVISON, V. C. J., and RILEY and CORN, JJ., concur. WELCH, ARNOLD, and LUTTRELL, JJ., concur in conclusion.

―――――

ARNOLD, J. (specially concurring in conclusion). I agree that the evidence is sufficient to show the combined disability resulting from all injuries (the old and new Oklahoma injuries to the right foot and the old Arkansas injury to the arm). I also agree that the Form 14 settlement of the old injury to the foot is sufficient under the Special Indemnity Fund Act to show the claimant is a "physically impaired person" and entitled to the benefits of the Act. However, the holding of the majority opinion that the evidence as to the apparent nature of the old Arkansas injury is sufficient to show the claimant to be a "physically impaired person" is of doubtful soundness. The medical testimony shows the disability to said arm, and, as indicated above, the medical testimony also shows the disability representing the combination of all the injuries. I think we should hold that a claimant who is shown to be a "physically impaired person," as defined by the act, is entitled to the full benefits provided, that is, the disability which represents the combination of all combinable injuries. The discussion on the apparent nature of the Arkansas injury is unnecessary if we would so hold. On the point we have arrived at an improper conclusion and the opinion will be construed as holding that each old injury must be shown to be observable to an ordinary layman if same is to be considered and awarded in its combined effect with other injuries.

I am forced to concur only in the conclusion reached.