GRONINGER et al. v. CHRISTLEY et al.

No. 34813.   March 27, 1951.

*229 P. 2d 582.*

A. M. Covington, Tulsa, for petitioners.

T. F. Dukes, Hominy, Mont R. Powell, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. Dite Christley, hereinafter called claimant, filed his first notice of injury and claim for compensation on December 22, 1949 stating that while employed as a service station attendant he injured his hand on December 14, 1949, repairing a tire. Payments were made for temporary disability and following a hearing the trial commissioner entered an award for 25 per cent permanent disability to the hand. This proceeding is brought to review the award.

It is admitted that claimant sustained an accidental injury. The sole contention is that there is no competent evidence reasonably tending to support the finding that there is a permanent partial disability of 25 per cent to the hand.

The claimant was not represented by counsel. His examination was conducted wholly by the trial commissioner. Claimant and his physician, Dr. G. I. Walker, were the only witnesses called. The petitioners introduced five exhibits consisting of two medical reports of Dr. Walker and three of Dr. Sisler. This constitutes the record evidence.

The hearing was held July 12, 1950. The evidence discloses that claimant was injured while repairing a tire at Hominy, Oklahoma, when he was struck on the left hand by a heavy tire tool. He was treated locally by Dr. G. I. Walker and sent to Tulsa to Dr. Sisler a bone and joint specialist, who made a report on February 21, 1950, stating claimant came to him on the morning of February 20th, after having been referred to him by a Dr. Edwards. He gave the history of claimant as having been treated from December 15, 1949, to February 20, 1950, by Dr. G. I. Walker of Hominy, Oklahoma. At the date of this report claimant could not bend the index finger. The union of the finger to the hand proper had not healed and upon manipulation of the hand claimant evidenced extreme pain. Dr. Sisler made two other reports, one dated April 28, 1950, and a final report May 18, 1950, in which it is stated claimant's hand had completely healed and there was a 10 per cent permanent partial disability to the hand.

Dr. Walker testified that claimant's hand had been broken but that it had healed; that his hand was still disabled by reason of an arthritic condition aggravated by the accidental injury, and in his opinion there was a disability to the hand of 50 per cent.

On cross-examination Dr. Walker was confronted by two reports made by him under date of May 12, 1950, in which he stated claimant had sustained no permanent disability. He explained that he had not then read the X-ray showing the arthritic condition of the hand.

The chief argument of petitioners is that on cross-examination Dr. Walker

stated that it could not be disclosed as to whether the 50 per cent disability to the hand was permanent. We cannot agree that this is the effect of Dr. Walker's testimony. He was being questioned chiefly as to why he fixed 50 per cent disability now, whereas he had stated in his reports that there would be no permanent disability. We think the qualification by the doctor of his statement was purely one of degree. In other words, it was not his intention to fix an arbitrary figure of 50 per cent permanent partial disability. It might get better or it might get worse. It was his intention to indicate a probability of a change in condition of a permanent disability and it was not his intention to state that the condition was temporary only. No expert witness testified that claimant had a temporary condition or suggested that his healing period had not ended. When Dr. Walker was questioned specifically as to what treatment claimant needed at this time, he stated he knew of no further treatment that claimant needed; that it would be well for claimant to attempt to use his hand in some light work.

The last report of Dr. Sisler definitely states that the hand has healed and that claimant has a permanent disability of 10 per cent to the hand.

Under 12 O.S. 1941 §22, temporary disability is disability during the healing period. We have held that whether the disability resulting from an accidental injury is temporary or permanent is a question of fact. Caddo County v. Hartman, 196 Okla. 276, 164 P. 2d 617; Pittsburg Plate Glass Co. v. Davison, 190 Okla. 228, 122 P. 2d 388.

There being competent evidence that the claimant has a disability to the hand of anywhere from 10 to 50 per cent, the finding of the State Industrial Commission that he has a disability of 25 per cent is sustained by the evidence. Special Indemnity Fund v. Arnold, 201 Okla. 51, 200 P. 2d 907.

Award sustained.