VEALE ELEC. CO. et al. v. CARMICHAEL et al.

No. 35040. Nov. 6, 1951.

*237 P. 2d 457.*

A. M. Covington, Tulsa, for petitioners.

B. W. Tabor, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. This is a proceeding by Veale Electric Company and its insurance carrier to review an award of the State Industrial Commission awarding compensation to respondent T. G. Carmichael.

288

Respondent in his application for compensation filed on October 14, 1950, states that on February 28, 1950, he sustained an accidental injury when he slipped off a ladder and that said injury resulted in a "hernia, aggravation of pre-existing condition." On December 28, 1950, the respondent was awarded compensation for 14 weeks at $25 per week and the cost of an operation, as provided by 85 O.S. 1941 §22, based upon the following finding of fact contained in said award:

"That on February 28, 1950, the claimant herein was in the employ of respondent, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of a right hernia."

Petitioners contend that there is no competent evidence to sustain that finding.

Respondent, in substance, testified that he started to work for his employer, Veale Electric Company, in 1939; that on February 28, 1950, he was mounting a transformer on a wall; a ladder was against the wall; he was holding the transformer in both hands and started up the ladder; he lost his balance, slipped off the ladder and felt a sharp pain in his abdomen; it made him sick; he had a sharp pain in his side; he rested a while and proceeded to mount the transformer, then reported the injury to his boss who told him to see a doctor; he later reported to the insurance company and was sent to another doctor who told him he had hernia and should be operated upon; in 1942 he was examined by an army doctor for army service; he was rejected by the doctor who told him he had a beginning of a hernia; that he should wear a truss if he did any heavy lifting; sometime in 1940, while working for the same employer and while lifting a bundle of conduit, he felt a sharp pain in his groin but it never bothered

him from that time until he sustained his accidental injury on February 28, 1950, at which time it came down on him; since then, when doing heavy work, he wears a truss; that he still does some work but keeps wearing his truss; that the only other incident which might have caused the hernia occurred when he was working for the same employer and sustained an injury in lifting the conduit.

Two physicians examined respondent and, by agreement, filed their reports with the commission as to their findings and conclusions. One of these physicians, after obtaining a history of the case from respondent, substantially as testified to by him, stated:

"Examination made on the 1st day of March reveals a femoral hernia on the right side which is complete. I'm convinced that it will not get any better until it is repaired surgically.

"If I can be of any further help in this case, I'll be happy to hear from you."

The other physician stated:

"Examination reveals that he does not have a right inguinal hernia nor a left inguinal hernia but he has a right femoral hernia. The bulging is through the femoral canal and this is not an unusual type of hernia but rather unusual type for a man to have.

"There is no treatment other than operative repair of it. He is wearing a truss at this time."

It is contended by petitioners that there is no medical or expert evidence to the effect that respondent's injury caused the hernia and that there is therefore no competent evidence to sustain the finding of the award of the commission. With this contention we agree. In Armour & Co. v. Worden, 189 Okla. 106, 114 P. 2d 173, as well as in many other cases, this court said:

"When a disability for which compensation is sought is of such character as to require a determination of its nature, cause, and extent by skilled and professional persons, proof thereof

must be made by the testimony of such persons."

In the cited case the commission made an award for a hernia, which was vacated on review by this court because there was no medical testimony to the effect that the accidental injury sustained by respondent caused the hernia.

In the case at bar, since neither of the physicians stated that the injury sustained by respondent on February 28, 1950, resulted in a hernia or that the hernia in fact was caused by injury, there is no competent evidence upon which to sustain the finding and award of the commission. Gillette Motor Transport, Inc. v. Holbrook, 202 Okla. 481, 215 P. 2d 836.

Respondent relies upon his own evidence to sustain the award. His evidence, however, unaided by medical testimony as to the cause of hernia, is insufficient to sustain the finding of the commission that the hernia was caused by the accident of February 28, 1950. In Gillette Motor Transport, Inc., v. Holbrook, supra, the testimony of claimant was very similar to the testimony of respondent in this case. Therein it was said:

"Since neither doctor stated that the hernia was the result of an accidental injury, there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that the claimant sustained a hernia as a result of an accidental injury during his employment and this part of the award must be vacated."

Award vacated.