PRODUCERS DRILLING CO. et al. v. PERCIVAL et al.

PERCIVAL v. PRODUCERS DRILLING CO. et al.

Nos. 35075, 35091.   July 29, 1952.

*246 P. 2d 874.*

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for Producers Drilling Company and Tri-State Insurance Company.

Frantz C. Conrad, Oklahoma City, for Howard Percival.

Mac Q. Williamson, Atty. Gen., for State Industrial Commission.

HALLEY, V.C.J.   On November 21, 1950, Howard Percival, herein referred to as claimant, filed a claim for compensation against his employer, Producers Drilling Company, and its insurance carrier, Tri-State Insurance Company, herein referred to as respondents, in which he stated that on October 15, 1950, while in the employ of respondent drilling company, he sustained an injury to his back consisting of a strain, which resulted in some permanent disability to his person.

The trial commissioner found that on the 15th day of October, 1950, claimant, while in the employ of respondent drilling company, sustained an accidental injury to his back and as a result of the injury has sustained a 10 per cent permanent partial disability to his body as a whole, and awarded him compensation accordingly.

Both parties appealed from this award to the commission sitting as a whole.  The award was sustained.

Both parties then appealed to this court seeking a review of the award.

Respondents assert that the evidence is insufficient to show that the injury, if any, sustained by claimant, constituted an accidental injury within the meaning of the Workmen's Compensation Act.

Claimant contends that the commission did not award him the full compensation to which he was entitled;

that under the evidence he should have been awarded compensation on the basis of 40 per cent permanent partial disability to his body as a whole.

The contention of respondents that the evidence is insufficient to show that the injury sustained by claimant constitutes an accidental injury within the meaning of the Workmen's Compensation Act cannot be justified.

Claimant testified that on October 15, 1950, he started work for respondent drilling company on a drilling rig; that they were low on water. The water was obtained by pumping, and he was assigned the duty of pumping the water. The pump was operated by a motor. It was necessary to crank the motor in order to start the pump. The motor stuck and was hard to crank. It was necessary for him to assume a stooping position in order to do so, and while engaged in lifting the crank and attempting to crank the motor he felt some pain·in his back. The pain came and went at intervals. It gradually grew worse. He continued, however, to work the remainder of the day. He reported for work the next morning. He only worked for about 45 minutes, however, when the pain in his back became so severe that he was unable to continue at work. He became stiff. He could not walk. He was carried to the "dog house" by other employees and placed on a bench. The pain was so severe that he could not sit down. He rolled off the bench. He was then picked up and taken to town by other employees. After consulting with a physician, he was placed in a clinic at Oklahoma City for treatment.

The evidence is clearly sufficient to sustain the finding of the State Industrial Commission that the injury sustained by claimant was an accidental injury. He sustained such injury while engaged in cranking a motor. It was necessary for him to maintain a stooping position so to do and while engaged in this service he sustained a strain and injury to his back. His injury,

therefore, constitutes an accidental injury within the meaning of the Workmen's Compensation Act. Gulf Oil Corporation v. Rouse et al., 202 Okla. 395, 214 P. 2d 251; Hart Const. Co. et al. v. Weaver et al., 201 Okla. 424, 206 P. 2d 724.

The contention of claimant on his appeal that the award in his favor should have been entered on the basis of 40 per cent permanent partial disability instead of 10 per cent as awarded by the commission cannot be sustained.

Only two medical experts testified as to the extent of disability sustained by claimant as the result of his injury. One doctor fixed his disability as 40 per cent permanent partial disability. The other testified that upon his examination and observation he found claimant was suffering from some disability; that such disability was temporary only and that in his opinion claimant would completely recover in about four or five weeks and would sustain no permanent disability. The commission had before it the testimony of these experts. One testified to 40 per cent disability and the other testified to no permanent disability. Under this testimony it was authorized to find and award claimant compensation on the basis of 10 per cent permanent disability. Oklahoma Portland Cement Co. v. Ozment, 187 Okla. 550, 104 P. 2d 235. The above case is exactly in point. In that case, as here, one physician testified that claimant had sustained a 40 per cent permanent partial disability; the other testified that he had sustained no permanent disability. The commission found and awarded claimant compensation on the basis of 15 per cent disability. The award was sustained.

It is further contended that the evidence of the doctor who testified for the respondent is without probative value and therefore should not be considered by this court. It appears that this doctor, upon his examination of claimant, had made a written report

of his findings and conclusions. This report contained a history of the case furnished to him by the claimant. The report was handed to him while on the witness stand, and he was requested to and did read that report. Counsel on cross-examination inquired of him as to whether he believed the history given him by claimant to be true. He replied in the negative and further stated that he did not take the history of any patient given him as true. Counsel objected to the consideration of his evidence on the ground that it was without probative value. Upon the lodging of this objection counsel for respondents withdrew all parts of the report except such portions thereof as were based upon the doctor's own knowledge gained from his personal examination and observation of claimant, and only offered in evidence that part of the report which fixed the disability sustained by claimant as a result of his injury. His evidence in this respect is certainly entitled to consideration.

Award sustained.

WELCH, DAVISON , O'NEAL, and BINGAMAN, JJ., concur.