William Arthur RIDENOUR, Petitioner,

v.

VAN PICK OIL COMPANY, Tri-State Insurance Company and the State Industrial Commission, Respondents.

No. 36848.

Supreme Court of Oklahoma.

Oct. 18, 1955.

A. H. Huggins, Norman, for petitioner.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Claimant sustained an accidental injury May 6, 1953, when he strained his back while lifting a 600 pound tractor tire. He was paid temporary disability until December 7, 1954, when he was notified by the employer that payments had ceased. In a proceeding to determine the extent of disability commenced thereafter an award was made under the date of February 8, 1955, finding that claimant had sustained 30 per cent permanent disability. On appeal to the Commission en banc this was reduced to 15 per cent. This proceeding is brought by claimant against Van Pick Oil Company, employer, and Tri-State Insurance Company, its insurance carrier, to review said award on the ground that there is no competent evidence to support the reduction to 15 per cent.

In the proceeding to determine the extent of disability claimant filed the report of Dr. M, dated January 10, 1955. This physician stated, in effect, that claimant was still temporarily totally disabled. The employer filed the report of Dr. F who stated that the healing period had ceased and claimant had no disability. The trial commissioner ordered claimant to report to Dr. O and following an examination at the direction of the trial commissioner, Dr. O stated:

"* * * His symptoms are relatively quiescent at this time and on the basis of examination now, one would say his disability is probably not more than 25%. However, it may well be that after trying to work, his condition would become considerably aggravated and if this is the case, he should by all means proceed to have his back operated on; although his symptoms today do not seem to be enough to justify this. It is difficult to see why his permanent disability could be more than 30–40% in any event. He, himself, feels he could probably do some light work."

It was following this report that the trial commissioner fixed the disability at 30 per cent and thereafter it was reduced to 15 per cent.

Claimant argues that there is no competent evidence to support the finding that he has a 15 per cent permanent partial disability and points to the testimony of Dr. F, in which the doctor states:

"I feel that this patient has no need of medical treatment. His condition has not changed since the previous examination. He has no evidence of any partial permanent disability at this time."

This statement follows the word "discussion" and concludes the report of Dr. F. Claimant states that it is indefinite and uncertain and within the rule announced in Sparks v. General Mills, Inc., Okl., 262 P. 2d 155. We do not agree. In Sparks v. General Mills, Inc., supra, there was a conjecture by the physician who filed the report as to the probability of future disability. In the case under consideration the statement is definite and makes no prediction as to future disability.

We have held that the State Industrial Commission has the right to fix the degree of disability anywhere within the range of medical evidence. Producers Drilling Co. v. Percival, 207 Okl. 17, 246 P.2d 374; Groninger v. Christley, 204 Okl. 310, 229 P.2d 582; Special Indemnity Fund v. Arnold, 201 Okl. 51, 200 P.2d 907.

There is competent evidence reasonably tending to support the finding of the State Industrial Commission.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and JACKSON, JJ., concur.