James L. DRINKWATER, Plaintiff in Error,

v.

ORKIN EXTERMINATING COMPANY, Inc., Massachusetts Bonding and Insurance Company, and the State Industrial Commission, Defendants in Error.

No. 38632.

Supreme Court of Oklahoma.

Feb. 16, 1960.

Milsten, Milsten & Moorehead and Gerald D. Swanson, Tulsa, for petitioner.

Rucker, Tabor & Cox, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

On May 13, 1958, James L. Drinkwater, hereinafter referred to as claimant, filed a claim for compensation against his employer Orkin Exterminating Company, Inc., hereinafter referred to as Orkin, and Massachusetts Bonding and Insurance Company, Orkin's insurance carrier, hereinafter referred to as insurance carrier, stating that on September 2, 1955, he sustained an accidental injury consisting of a whiplash type of injury to his cervical spine causing him some permanent disability to his person. The injury occurred when a third party ran into the rear of his automobile while stopping at a red light.

The trial judge at the close of the evidence found:

"That claimant's claim for compensation was not filed until May 13, 1958, and respondent did not pay claimant compensation nor furnish him with medical attention after February 24, 1956, nor followed any procedure constituting a waiver or tolling of the Statute of Limitations as required by 85 O.S.1951 § 43.

"It is therefore ordered that claimant's claim for compensation be denied for the reason that same is barred by the requirement of the one year Statute of Limitations as required by 85 O.S. 1951 § 43."

The trial judge upon such finding entered an order denying claimant's claim on the ground it was barred by limitation under 85 O.S.1951 § 43.

Claimant brings the case here to review this order. His sole contention is that there is no competent evidence tending to sustain the finding of the Commission that respondents did not furnish him medical attention after February 24, 1956, and that the order for this reason should be vacated.

It is agreed by the parties that Orkin was not engaged in a hazardous occupation at the time claimant sustained his injury, but that claimant was covered by the Act by reason of the fact that Orkin carried compensation insurance for his employees in which claimant's wages were considered in fixing the premium on the policy, and that Orkin is therefore estopped by the Workmen's Compensation Estoppel Act, 85 O.S.1951 § 65.2, from asserting that it was not engaged in a hazardous occupation.

Claimant in his own behalf in substance testified that on September 2, 1955, while in the employ of Orkin, he sustained an accidental injury consisting of an injury to his neck and cervical spine; that the injury occurred while he was driving over the streets of Tulsa, Oklahoma, on a mission for his employer, and a third party driving an automobile struck claimant's automobile in the rear when he stopped at a red light. Claimant further testified that thereafter on June 26, 1956, he filed a civil action for damages against said third party for damages alleged to have been sustained by reason of the automobile collision above set forth, but he lost that suit. Thereafter, on May 13, 1958, he filed a claim for compensation with the State Industrial Commission against Orkin and its insurance carrier.

Claimant further testified that three or four hours after he sustained his injury he notified Mr. Cohn, Orkin's manager, that he sustained an accidental injury and had hurt his neck, and asked the manager what he should do about it. The manager advised him to see a doctor. Another employee who heard the conversation then suggested that he be taken to the Tulsa Clinic for treatment, to which Cohn, the manager,

consented and directed said employee to take him to the clinic.

After claimant arrived at the clinic he was examined and treated by Dr. N. for a period of several weeks, after which time the doctor recommended that claimant be seen by a neurosurgeon and referred him to Dr. S. Claimant then informed Mr. Cohn, Orkin's manager, that he intended to see Dr. S. for further treatment and asked the manager whether Orkin or its insurance carrier would pay the bills of Dr. S. The manager replied that they would assume that liability. Claimant then went to see Dr. S. for further treatment. The doctor gave him some heat treatment and placed him in traction. Thereafter the doctor advised him that an operation would be necessary and the operation was performed on December 26, 1956. The doctor operated for an infection. The last time he treated claimant was June 4, 1957.

The record further discloses that claimant carried an accident insurance policy issued by Travelers Insurance Company; that his employer paid part of the premium on the policy and he paid the balance. The evidence further shows that all medical bills which were paid were paid by Travelers Insurance Company on application made by claimant therefor. No doctor bills were ever presented to Orkin or its insurance carrier under claimant's direction; all of the medical bills were forwarded to his attorney Gerald D. Swanson, and these bills were then filed by him with the State Industrial Commission.

Mr. Cohn, Orkin's manager, in his testimony testified substantially as did claimant, except he testified that he agreed to pay the doctor bills of Dr. S. in the event the third party, who caused the injury, failed to do so. He also testified that he knew that claimant was going to Dr. S. for treatment; that he knew he was placed in the hospital and was operated.

Dr. S. testified that he first saw and examined claimant on the 9th day of April, 1956. He obtained a history from claimant which was substantially as testified to by

him. The doctor's examination included x-ray. The doctor further testified that patient had a positive Spurling test. The patient, when he saw him, had very marked x-ray changes, with limitation of motion and calcification in the interior ligament of the spine in the neck area, which he felt was probably secondary to hemorrhage in the ligament at the time of the original accident in September. He then advised claimant that he should have an operation. Thereafter, on December 26, 1956, the operation was performed which consisted of an operation of the occipital nerve of claimant's eyes. He remained in the hospital and was further treated by the doctor until January 21, 1957, when he was discharged as able to return to work. The doctor also testified that claimant returned to him for further treatment on June 4, 1957; that he gave him a medicine called kused; that kused is used for relaxation of the muscles. Based on the above testimony the doctor expressed the opinion that as a result of claimant's injury sustained in September, 1955, he has 20 per cent permanent partial disability to his body as a whole.

Dr. N. in his written report stated that he first saw claimant on the 2nd day of September, 1955, at the Tulsa Clinic. Claimant was complaining of a rather severe pain in the cervical region of his spine. X-rays were taken at that time. The x-rays revealed rather marked arthritic changes, but no fractures. Conservative treatment was rendered by means of diathermy, medication and injections to relieve muscle spasm which was present. Claimant, however, was able to continue with his employment, although to a much lesser extent than prior to the injury which he sustained. He treated claimant until February 24, 1956, and since which time he has given him no further medical treatment. Upon such findings the doctor reached the conclusion that claimant as a result of his September, 1955 injury has sustained 15 per cent permanent partial disability to the cervical region of his spine.

It is evident that the Commission based its finding that claimant received no medical treatment after February 24, 1956, on Dr. S.'s testimony. The conclusion of the Commission was apparently reached on the theory that claimant was not directed by Orkin or its insurance carrier to go to Dr. S. for treatment and the treatment given by Dr. S. did not therefore toll the statute.

We, however, think that when claimant told Mr. Cohn, Orkin's manager, that he intended to go to Dr. S. for further treatment and asked whether Orkin or its insurance carrier would pay the doctor bills, and Cohn replied that they would assume that liability, that this constituted a recognition on the part of Orkin and its insurance carrier for claimant's injury and such acknowledgment had the same effect as though Mr. Cohn had expressly directed claimant to go to Dr. S.

Under the evidence of Dr. S. he furnished claimant continuous medical treatment from the 9th day of April, 1956, to June 4, 1957. Claimant therefore had one year from June 4, 1957, to file his claim. He filed his claim on May 13, 1958, and therefore the claim was filed in time.

 We conclude that the evidence is insufficient to support the finding of the Commission that claimant received no medical treatment from Orkin or its insurance carrier subsequent to February 24, 1956, and an order based thereon denying claimant compensation on the ground that the claim is barred by limitation cannot be sustained.

Order vacated for further proceedings in accordance with the views herein expressed.

WILLIAMS, V. C. J., and HALLEY, JOHNSON and BLACKBIRD, JJ., concur.

DAVISON, C. J., and JACKSON, IRWIN and BERRY, JJ., dissent.