NATIONAL ZINC COMPANY, Inc., and Hartford Accident and Indemnity Company, Petitioners,

v.

James Marshall DALEY and the State Industrial Court, Respondents.

No. 38621.

Supreme Court of Oklahoma.

March 1, 1960.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Howard C. Triggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

James Marshall Daley, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by National Zinc Company, Inc. he sustained an accidental injury arising out of and in the course of his employment on March 22, 1958, resulting in hernia. The State Industrial Court entered an award in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on March 22, 1958, consisting of injury resulting in left indirect hernia and right femoral hernia.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $35.00 per week; that as a result of said injury, claimant is entitled to 14 weeks compensation at $35.00 per week, or $490.-00, and is entitled to have paid by respondent and insurance carrier, his reasonable and necessary medical expense for the repair of said hernias.

"That claimant did not give written notice of his injury as required by law, but respondent had actual notice and was not prejudiced by lack of written notice.

"It is, therefore, ordered, That within twenty days from the date of filing of this order, respondent and insurance carrier pay to claimant the sum of $490.00, 14 weeks compensation at $35.00 per week, and pay the reasonable and necessary medical expense for the repair of said hernias."

This proceeding is brought by the employer and its insurance carrier, Hartford Accident and Indemnity Company, hereinafter called petitioners, to review the award, in part.

Claimant testified that on March 22, 1958, he was lifting a gas burner when he felt a pain in the area of his stomach.

He informed his foreman who told him to take it easy the rest of the day. He continued on light work for three or four months and went to Dr. B, a doctor of his own choice, who informed him he had a rupture. He then talked to the agent for the insurance carrier who offered a settlement on joint petition. Three weeks after he was seen by Dr. B he was examined by Dr. A at the direction of the petitioners. Dr. B filed a report describing a left inguinal hernia. Dr. A describes this hernia as a left indirect hernia. He also stated claimant has a right femoral hernia. In Dr. A's report is the following statement:

"Further examination of this patient reveals that he has a right femoral hernia that is approximately 3 cm in diameter and about 2 cm below the inguinal region. This hernia is reducible. He has had no complaints relative to this right femoral hernia, he does not relate it to his injury, and was not aware of its presence prior to examination."

There is no other medical evidence in the record concerning the right femoral hernia.

Petitioners admit liability for the left inguinal hernia but deny there is any evidence of liability for the right femoral hernia. We agree.

We have many times stated that where the employee's disability is of such character as to require skilled and professional persons to determine the cause and extent thereof the question is one of science and must necessarily be proved by expert testimony. See our opinions in the following cases: Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173; Gillette Motor Transport, Inc. v. Holbrook, 202 Okl. 481, 215 P.2d 836, and Veale Elec. Co. v. Carmichael, 205 Okl. 287, 237 P.2d 457. In Gillette Motor Transport, Inc. v. Hol-

brook, supra, we stated [202 Okl. 481, 215 P.2d 838]:

"Since neither doctor stated that the hernia was the result of an accidental injury there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that the claimant sustained a hernia as a result of an accidental injury during his employment and this part of the award must be vacated."

In Veale Elec. Co. v. Carmichael, supra, it is stated [205 Okl. 287, 237 P.2d 458]:

"It is contended by petitioners that there is no medical or expert evidence to the effect that respondent's injury caused the hernia and that there is therefore no competent evidence to sustain the finding of the award of the Commission. With this contention we agree. In Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173, as well as in many other cases, this court said:

"'When a disability for which compensation is sought is of such character as to require a determination of its nature, cause and extent by skilled and professional persons, proof thereof must be made by the testimony of such persons."

There is no competent evidence in the record reasonably tending to disclose that the right femoral hernia was caused by an accidental injury arising out of and in the course of the employment.

The award in so far as it orders payment for the right femoral hernia cannot be sustained. The cause is remanded to the State Industrial Court with directions to vacate the order for an operation for the right femoral hernia and to proceed in accordance with the views expressed hereinabove.

WELCH, HALLEY, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.