James L. DRINKWATER, Plaintiff in Error,

v.

ORKIN EXTERMINATING CO., Massachusetts Bonding & Insurance Company, insurance carrier, and State Industrial Court, Respondents.

No. 39233.

Supreme Court of Oklahoma.

May 2, 1961.

Milsten, Milsten & Morehead and Gerald D. Swanson, Tulsa, for plaintiff in error.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for defendants in error.

BERRY, Justice.

This is the second time that this Court has been called upon to review the instant case. On the first appeal we held (Okl., 349 P.2d 1068) that the State Industrial Court erred in finding the claim barred by statutory limitation. The order denying compensation was accordingly vacated for further proceedings. The facts are fully discussed in our former opinion.

After the parties resubmitted the cause below on the original record, the trial judge entered an award for 10 per centum permanent (partial) disability to the body as a whole. His decision was affirmed on claimant's appeal to the State Industrial Court en banc. In the present proceeding,

claimant asserts that the trial tribunal erred in determining permanent disability on the basis of 10 per centum, since this figure was 5 per centum below the lowest estimate of his physicians, whose testimony must be treated as "uncontradicted", because employer's sole expert witness conceded his utter lack of familiarity with the nature of the impairment claimed to be compensable.

■ Claimant's medical evidence consisted of a letter-report from Dr. N. and the deposition of Dr. S. The former physician evaluated his permanent disability at 15 per centum to the body as a whole, while the latter estimated it at 20 per centum. The employer called Dr. G., an orthopedic surgeon, as a witness. Dr. G. testified that claimant's impairment of the neck was attributable solely to pre-existing active osteoarthritic disease process which produced marked degenerative changes in his cervical spine; that claimant sustained no permanent disability from the accidental injury; that he did not require any treatment therefor, since there was no traumatic aggravation of the prior condition. On cross-examination, the witness was asked why then Dr. S., a neuro-surgeon, caused claimant's submission to an occipital nerve section. In answer to this and other questions of a similar tenor, Dr. G. stated that he had no opinion in the matter. The doctor added that he did not know whether such surgical measure was generally employed in the field of neurosurgery and was not familiar with its "problems" or residual impairments resulting therefrom. From the entire context of Dr. G.'s testimony, it is clear that he regarded the occipital nerve section as a procedure wholly unrelated to any traumatic pathology in the neck, of which, he insisted, there were no objective findings. Since he was apparently unfamiliar with this surgical operation as a method of alleviating an osteoarthritic impairment of the cervical spine, he merely declined any comment concerning its effectiveness or advisability. The physician's admission of a more restricted knowledge of the neurological aspects in the treatment of osteoarthritis did not, under the facts, disqualify him from giving expert evidence upon the primary issue under inquiry, which was the presence and extent of *compensable traumatic disability*. The probative value of his opinion as to the absence of any impairment to the neck from the impact of an accidental injury remained unaffected and unimpaired. The trial tribunal was at liberty to accord his testimony such weight and consideration as it deemed proper. Oklahoma Furniture Mfg. Co. et al. v. Washington et al., 180 Okl. 381, 70 P.2d 69; Gillette Motor Transport, Inc. et al. v. Holbrook, 202 Okl. 481, 215 P.2d 836; Producers Drilling Co. v. Percival, 207 Okl. 17, 246 P.2d 374.

■ The State Industrial Court may accept an estimate of compensable disability given by any qualified physician. Special Indemnity Fund v. Horne, 208 Okl. 218, 254 P.2d 988; Special Indemnity Fund v. Goad, Okl., 281 P.2d 179. The testimony of a doctor who has a limited knowledge and experience in a given field of medicine is not subject to rejection as a matter of law merely because it is opposed by that of a specialist. If the medical witness possesses sufficient familiarity with the principal subject-matter under inquiry to formulate an opinion, his testimony is competent. Oklahoma Furniture Mfg. Co. et al. v. Washington et al., supra; Skelly Oil Co. v. Rose, 176 Okl. 313, 55 P.2d 1019, 1020. Conflicting medical proof as to the cause and extent of disability presents a question of fact to be resolved by the trial tribunal, whose finding on such issue, when based on competent evidence, will not be disturbed on review. The State Industrial Court is authorized in such instances to determine disability at any degree within the range disclosed by expert evidence. Mead Bros., Inc. v. Watts, 135 Okl. 23, 273 P. 207; Special Indemnity Fund v. Arnold, 201 Okl. 51, 200 P.2d 907; Ridenour v. Van Pick Oil Co., Okl., 289 P.2d 135; Skelly Oil Co. v. Admire, Okl., 293 P.2d 349; Frisco Transportation Co. v. State Industrial Commission, Okl., 346 P.2d 182. Compare: Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255.

There was a dispute as to the cause and extent of claimant's impairment of the neck. The trial tribunal fixed his compensable disability at a degree within the range of competent expert evidence adduced. We find no error in its determination.

Award sustained.